Submitted on brief October 2, affirmed October 13, rehearing denied November 10, 1925.

# CITY MOTOR TRUCKING CO. v. THE FRANKLIN FIRE INS. CO.

## (239 Pac. 812.)

**Appeal and Error—Court's Findings have Effect of Jury's Verdict—Judgment of Court Based Thereon not Disturbed by Reviewing Tribunal.**

1. Findings of court have effect of a verdict, and, if there is any evidence to support findings, judgment of court based thereon will not be disturbed by reviewing tribunal, if findings and conclusions are sufficient to support a judgment, in view of § 159, Or. L.

**Insurance—Implied Condition of Marine Insurance That Vessel Should be "Seaworthy."**

2. It is an implied condition of marine insurance on vessel, cargo or freight that vessel shall be "seaworthy" which means that she must be sufficiently tight, stanch, and strong to resist ordinary attacks of wind and sea during voyage for which she is insured, and that she must be properly manned and equipped for the voyage.

**Insurance—Burden of Proof of Seaworthiness is on Defendant in Suit on Policy of Marine Insurance.**

3. In a suit on policy of marine insurance, after plaintiff has made a *prima facie* case, burden of proof of seaworthiness is then on defendant, when that matter is an issue in the case.

**Evidence—A Presumption is Evidence.**

4. A presumption is evidence, under Sections 799, 868, subdivision 2, Or. L.

**Insurance—Evidence Held to Support Finding That Loss of Cargo Did not Occur as Result of Risks Covered by Policy of Marine Insurance.**

5. In suit on policy of marine insurance for loss of cargo on barge evidence *held* to support finding that loss did not occur as a result of any risks covered by policy.

**Trial—Court not Required to Make Findings on Issues Joined by Affirmative Defense, Where It Found That Plaintiff had not Proved His Allegations.**

6. In a suit on policy of marine insurance for loss of cargo on a barge with affirmative defense by defendant that barge was in

---

2. Implied warranty of seaworthiness in marine insurance, see note in 58 Am. Dec. 671. See, also, 14 R. C. L. 1043.

6. What constitutes "seaworthiness" within marine insurance law, see note in 33 Am. Dec. 33.

an unseaworthy condition, court was not required to make find-ings on issues joined by affirmative defense where it found that plaintiff had not proved his allegations that loss occurred as a result of any risks covered by policy.

**Trial—Court's Use of Word "Barge" Instead of "Cargo" in Findings Held Immaterial.**

7. In suit on policy of marine insurance for loss of cargo on barge, that court used the word "barge" instead of "cargo" in its findings *held* immaterial, where subject of action was load on barge, and barge itself as a vessel was not insured.

From Multnomah: GEORGE F. SKIPWORTH, Judge.

In Banc.

The plaintiff is engaged in the business of crushing rock at a point on the Willamette Slough about 20 miles north of the City of Portland, Oregon. On August 10, 1923, appellant loaded a barge with about 300 tons of crushed rock. The barge remained there during the night of the 10th to 11th and about 7 o'clock in the morning of the 11th it was found that the barge had dumped its load of crushed rock into the slough. The defendant is an Insurance Company and had insured the crushed rock loaded upon the barge for transportation to Portland, Oregon. The plaintiff claims a total loss of the rock and seeks to recover its value, $525, from the defendant. The case was tried by the court without the intervention of a jury. The court found in favor of the defendant, dismissed plaintiff's complaint and awarded costs and disbursements to the defendant. Exceptions were taken by the plaintiff to the findings of the court and to its conclusion expressed as follows: "That the barge was not lost by reason of a peril of the seas or any other cause against which the defendant had insured the plaintiff." Among other allegations, the complaint alleges

"that said barge was in first class and seaworthy condition. That during the night of August 10–11, 1923, or thereabouts, by an accidental circumstance not the result of ordinary wear, tear, delay or the act of the assured and happening in the course of the navigation of said barge or scow and incident to the navigation thereof under the terms and conditions of said policy, * * the said goods * * was lost from the deck of said barge. * * "

Plaintiff then alleges its loss and prays judgment. The answer denies the allegations of the complaint quoted and affirmatively alleges the barge was in unseaworthy condition. The principal point presented in the appeal is the seaworthiness of the scow or barge and the question of who has the burden of proof.                               AFFIRMED.

For appellant there was a brief over the name of *Mr. Sanderson Reed.*

For respondent there was a brief over the names of *Messrs. Wood, Montague & Matthiessen* and *Mr. Gunther F. Krause.*

COSHOW, J.—1, 2. It is elementary that the findings of the court have the effect of a verdict of a jury and that if there is any evidence to support the findings, the judgment of the court based upon the findings will not be disturbed by this court, providing the findings and conclusions are sufficient to support a judgment: Or. L., § 159. The principle of Marine Insurance Law applicable is stated by standard authorities as follows:

"It is an implied condition of marine insurance on vessel, cargo, or freight that the vessel shall be seaworthy, which means that she must be suffi-

ciently tight, staunch, and strong to resist the ordinary attacks of wind and sea during the voyage for which she is insured, and that she must be properly manned and equipped for the voyage." Hughes on Admiralty, 59. "In every voyage policy of marine insurance there is an implied warranty that the vessel is in all respects seaworthy, and such warranty can be excluded only by clear provisions of the policy. * * This implied warranty of seaworthiness is not limited to cases of insurance upon vessels but applies equally to insurances on cargo, freight, and other subjects of marine insurance." 36 C. J. 1071, 1072, §§ 206, 207. "By far the most important of the implied warranties is that of seaworthiness, which we will deal with first in order. In every voyage policy there is implied warranty that the ship shall be seaworthy for the voyage when she sails, by which is meant she shall be in a reasonably fit state as to repairs, equipment, crew, and all other respects, to encounter the ordinary perils of the voyage insured at the time of sailing on it." 2 Arnould on Marine Insurance and Average (10 ed.), 889, § 686. "The warranty of the ship's seaworthiness is equally implied in a voyage policy, whatever be the subject of insurance. It therefore applies no less to insurances effected by the owner of the goods than to those effected by the owner of the ship." 2 Arnould on Marine Insurance and Average (10 ed.), 892, § 689. See, also, § 713, p. 923.

This principle seems to have been unanimously applied by the courts to all cases involving claims under marine insurance policies: *Union Ins. Co. of the City of Philadelphia* v. *Smith,* 124 U. S. 405 (31 L. Ed. 497, 560, 8 Sup. Ct. Rep. 534); *Cary* v. *Home Ins. Co.,* 235 N. Y. 296 (139 N. E. 274). The case last cited is very similar to the instant case. In page 300 (139 N. E. 275), the court says:

"In order to bring the loss within the terms of the policy plaintiffs must also establish affirmatively that the scow was seaworthy at the time the cargo rolled off the deck. A ship is seaworthy when reasonably fit in all respects to encounter the ordinary perils of the sea, incident to the adventure insured. (*The Southwark,* 191 U. S. 1, 8 [48 L. Ed. 65, 24 Sup. Ct. Rep. 1, see, also, Rose's U. S. Notes].) To be seaworthy the ship's cargo must be properly stowed. 'One of the conditions implied by law in case of an insurance upon cargo, is that it shall be stowed in a safe and proper manner, and in the usual and customary place for the carriage of goods of the description insured; and any breach of this warranty by which the risk is varied and the perils insured against increased, vitiates the policy.'" *Adderly* v. *American Motor Ins. Co. of Baltimore,* 1 Fed. Cas. 166 (Fed. Cas. No. 75).

3. After the plaintiff has made a *prima facie* case, the burden of proof of seaworthiness is then on the defendant when that matter is an issue in the case. 2 Arnould on Marine Insurance and Average (10 ed.), 934, § 725, where the rule is stated thus:

"The burden of proof on the issue of unseaworthiness is on the underwriter. Where, however, a ship soon after sailing founders, or becomes so leaky or disabled as to be unable to proceed, and this cannot be ascribed to any violent storm or other adequate cause, the fair presumption is that it arose from causes existing at the time of her sailing, and consequently that she was not then seaworthy."

The same authority in page 936 in Section 726 says:

"The whole question as to what constitutes seaworthiness is peculiarly a question for a jury." *Nome Beach Lighterage & Transportation Co.* v.

*Munich Assur. Co., Limited, et al.,* 123 Fed. 820; *Thames & Mersey Ins. Co.* v. *Pacific Creo. Co.,* 223 Fed. 561 (139 C. C. A. 101); *Fireman's Fund Ins. Co.* v. *Globe Nav. Co.,* 236 Fed. 623 (149 C. C. A. 614).

4, 5. The evidence in this case does not give any cause for the loss. There is no evidence of any collision or unusual swell, storm or wind. The attorney for appellant in his brief says: "The cause of the wreck is not known." Under some of these authorities above herein cited, a loss occurring under facts similar is presumed to have resulted from unseaworthiness of the vessel: *Cary* v. *Home Ins. Co.,* 235 N. Y. 296 (139 N. E. 274). A presumption is evidence: Or. L., §§ 799, 868, subd. 2. There was some evidence, therefore, to support the finding to the effect that the loss did not occur as a result of any of the risks covered by the policy. The loss was not a result of a peril of the sea. We are, therefore, not permitted to interfere with the judgment, even though we thought the weight of evidence was contrary to the findings upon which the judgment is based.

6, 7. Criticism is made by the appellant of the findings and conclusions. We think the findings sufficient and that the conclusions support the judgment. It was not necessary for the court to make findings on the issues joined by the affirmative defenses since the court found that the plaintiff had not proved his allegations. The fact that the court used the word "barge" instead of "cargo" is immaterial. The subject of the action was the load on the barge, and the barge itself as a vessel was not insured. No one could be misled by the clerical mistake, which was a mere slip of the pen. The

court evidently concluded from the evidence that the plaintiff failed to prove a loss coming within the terms of the policy. The judgment is affirmed.

AFFIRMED.