Argued December 21, 1928, affirmed January 8, rehearing denied March 5, 1929.

## STATE *v.* JOHN E. SMITH.

(273 Pac. 323.)

For appellant there was a brief over the names of *Mr. Irvin Goodman, Mr. Moe H. Tonkon, Mr. Ed Short* and *Mr. Jack Levin* with an oral argument by *Mr. Goodman.*

For respondent there was a brief over the names of *Mr. Stanley Myers,* District Attorney, and *Mr. Kern Crandall,* Deputy District Attorney, with an oral argument by *Mr. Crandall.*

BROWN, J.—The statute involved in this cause was taken from New York, and was applied and construed by the Supreme Court of that state in *People* v. *Gowasky,* 244 N. Y. 451 (155 N. E. 737), prior to its adoption by the legislature of this state. So far as this jurisdiction is concerned, that statute is a new creation; but similar legislation has been in force and effect in other jurisdictions of this country for many years.

1. The defendant contends that Chapter 334, General Laws of Oregon, 1927, applies to "similar felonies" only, and asserts that he finds much law in support of this contention. In some jurisdictions, this application would be correct. But our statute plainly provides:

"A person who, after having been three times convicted within this state of felonies * * or, under the law of any other state, government or country, of crimes which, if committed within this state, would be felonious, commits a felony within this state, shall be sentenced, upon conviction of such fourth, or subsequent offense, to imprisonment in a state prison for the term of his natural life."

This statute is broad, comprehensive and clear, and admits of but one construction.

2. The defendant complains that at the time he was tried upon the information of felony, the court had not imposed sentence on his conviction of receiving stolen property, and contends that, after sentence, the crime of receiving stolen property might have been treated as a misdemeanor. This contention is without merit. The defendant is charged with a felony, and under our statute, the degree of the crime could not be reduced to that of a misdemeanor until and unless so reduced by the penalty imposed by the trial court; and that did not happen.

3. Defendant likewise complains that the indictment upon which he was tried for receiving stolen property should have alleged his prior conviction. This is erroneous. Under the statutes in some jurisdictions, the indictment shall allege the prior convictions, and there are many decisions in the books that support that contention. This was made a requirement in our own jurisdiction by the enactment of Chapter 70, General Laws of Oregon, 1921; but this act was repealed by Section 5 of Chapter 334, General Laws of Oregon, 1927, the statute under consideration. Under this statute, the proceeding is had, not for the purpose of determining the guilt or innocence of the defendant, but for the purpose of identifying him as the person alleged to have been convicted of previous felonies. It provides for a special supplementary proceeding, and is much fairer to the defendant than to charge him with crime by an indictment and alleged therein his conviction of half a dozen previous felonies. On this subject, Dr. Bishop, an eminent authority on criminal law, has written:

"Under the ordinary forms of the statutory provision, if the offense is the second or third, and by reason thereof the punishment is to be made heavier, this fact must appear in the indictment; because by the rules of criminal pleading, every particular which makes heavier the punishment to be inflicted must be set out. Still there is no reason why the law should not, as in some localities it does, permit this matter to be withheld from the jury, or even omitted from the indictment, until the prisoner has been convicted of the offense itself and then brought forward in some proper manner in aggravation of the punishment. A course like this is specially fair to the prisoner as preventing a prejudice against him by the jury from the former conviction, which is not legal evidence." 1 Bishop on Criminal Law (9 ed.), § 961.

In *People* v. *Gowansky,* 244 N. Y. 451 (155 N. E. 737), decided a short time prior to the adoption of the New York Act by our legislature, the Supreme Court of New York, in reviewing the holdings of that court in prior cases wherein the decisions were based upon the law as it existed prior to its amendment in 1926, said:

"This court, in *People* v. *Rosen,* 208 N. Y. 169 (101 N. E. 855), * * again held, following the Sickles case *People* v. *Sickles, 156* N. Y. 541 (51 N. E. 288)), that, in order to convict a prisoner as a second offender and give him increased punishment, it was necessary to allege his previous convictions in the indictment and to prove them on the trial. Now we have changed all this and adopted the other practice. Previous convictions need not be alleged in the indictment, nor proved upon the trial of the new charge. This, to me, seems eminently fair to any prisoner. When he is charged and tried for a crime, his previous record may not be used to influence the jury to convict him of that crime."

The court further held that the old practice, though no longer necessary, was still permissible.

See, also, *Graham* v. *West Virginia*, 224 U. S. 616 (56 L. Ed. 917, 32 Sup. Ct. Rep. 583), and the numerous cases there cited.

4. Defendant complains that the names of the witnesses were not indorsed upon the information. Our Code provides that, when an indictment is found, the names of the witnesses examined before the grand jury must be inserted at the foot thereof or indorsed thereon: Or. L., § 1429. Section 5 of General Laws of Oregon, 1899, page 100, providing for prosecution for crime upon the information of the district attorney, prescribed that the names of the witnesses examined by the district attorney should be indorsed upon the information or set at the foot thereof, and in the event of failure to do so such witnesses should not be examined in the trial of the cause. That act was repealed; and the present statute outlining the procedure to be followed in cases of this character makes no such requirement. True, under the provisions of Section 11, Article I, of our Constitution, the defendant has the right at some stage of the proceeding to meet the witnesses face to face, and the right to have compulsory process for securing witnesses in his favor. However, the record in this case shows that the defendant did meet the witnesses face to face and cross-examine them. The district attorney followed the procedure prescribed by statute, and the requirements of the above constitutional provision were fully met: *State* v. *Bowker*, 26 Or. 309 (38 Pac. 124); *State* v. *Belding*, 43 Or. 95 (71 Pac. 330).

5. The statute under which the defendant was tried and convicted is not an *ex post facto* law. It has been a part of the Oregon Criminal Code since its adoption in 1864. Nor has the defendant been placed twice in jeopardy for the same offense. The law is thus stated by Dr. Bishop:

"The increased punishment for a second offense does not put the doer a second time in jeopardy for the first, so as to violate our constitutions. The augmented punishment is for persisting in wrong by repeating the crime. The former conviction is not an integral part. of the second or new offense. The law merely imposes a longer sentence because of the former conviction, but does not again prosecute or punish for it. It adds to the punishment for the last crime because of the class to which the defendant belongs." 1 Bishop on Criminal Law (9 ed.), § 965.

6, 7. The defendant invokes the protection of Section 16, Article I, of the Oregon Constitution, which provides that "cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense." The power to declare what punishment may be assessed against those convicted of crime is not a judicial, but a legislative, power, controlled only by the provisions of the Constitution: *Miller* v. *State,* 149 Ind. 607 (49 N. E. 894, 40 L. R. A. 109).

The question of the constitutionality of statutes inflicting increased penalties and punishment on habitual criminals is not a new question. See *State* v. *Dowden,* 137 Iowa, 573 (115 N. W. 211); *McDonald* v. *Com.,* 173 Mass. 322 (53 N. E. 874, 73 Am. St. Rep. 293), affirmed 180 U. S. 311 (45 L. Ed. 542, 21 Sup. Ct. Rep. 389); *State* v. *Le Pitre,* 54 Wash. 166 (103 Pac. 27, 18 Ann. Cas. 922.) In all of these cases, such

a statute was held not to violate the constitutional provision against cruel and unusual punishment.

In the case of *State* v. *Le Pitre, supra,* the Supreme Court of Washington, speaking by Mr. Justice CHADWICK, held that the habitual criminal statute of that state simply provides an increased penalty for the last offense, and does not violate any constitutional right of the accused. In discussing that statute, the writer said:

"Aside from the offender and his victim, there is always another party concerned in every crime committed—the state; and it does no violence to any constitutional grantee for the state to rid itself of depravity when its efforts to reform have failed. The act is not *ex post facto*. It does not deny the right of trial by jury. It does not put the offender twice in jeopardy. It does not inflict a double punishment for the same offense, or inflict a cruel and unusual punishment, or impose a penalty for crimes committed outside of the state. It merely provides an increased punishment for the last offense (citations)."

This case is squarely in point with the facts in the case under consideration.

See, also, "Successive Offenses and Habitual Criminals," 16 C. J. 1339.

The defendant in the instant case had previously been convicted of burglary, but the offense for which he was sentenced to life imprisonment, and from which sentence he has appealed to this court, was a lesser crime, the crime of receiving stolen property. Were we to consider this penalty with reference to the defendant's latest offense alone, we would be astounded at its severity. But a careful analysis of the entire record clearly indicates that the defendant is an incorrigible criminal, a man who has heretofore

been convicted at least four times for burglariously preying upon the property and safety of others. Add to this fact that, throughout the history of criminal law, burglary has been looked upon as a crime of great magnitude, and the burglar as a dangerous and desperate criminal, and the sentence imposed in this case can but be deemed a just one.

8. There is no merit in the objection to the reception in evidence of the defendant's photograph. It was the likeness of the defendant and a part of the records of the prison. The fact that the picture was taken by another than the witness could not have prejudiced the defendant. The only purpose of the photograph was to aid in identifying the defendant as the man who had previously been in prison.

9. Neither is there merit in the assignment relating to the finger-prints admitted into the record as evidence, for the purpose of identifying the accused: Underhill's Crim. Ev. (3 ed.), p. 1133.

There appears to this court no valid reason for reversing this cause. Hence we direct its affirmance.

AFFIRMED.