Argued October 5, affirmed November 14, petition for rehearing denied December 18, 1962

## COBURN *v.* UTAH HOME FIRE INSURANCE COMPANY

375 P. 2d 1022

*William F. White,* Portland, argued the cause for appellant. With him on the briefs were White, Sutherland & White, Portland.

*Carl R. Neil,* Portland, argued the cause for respondent. With him on the brief were Krause, Lindsay & Nahstoll, Portland.

Before McAllister, Chief Justice, and Sloan, O'Connell, Lusk and Denecke, Justices.

SLOAN, J.

Plaintiff brought this action to recover from defendant, a marine insurer, for loss plaintiff sustained when a vessel owned by plaintiff was sunk while moored in the Port of New Orleans. The case was tried to a jury and a verdict was returned for plaintiff. The trial court allowed a motion for judgment n.o.v. and plaintiff appeals from the judgment entered accordingly.

The only issue presented by the case is the sufficiency of the evidence to require that a jury decide if the sinking was caused by a "peril of the sea." Other issues were presented but we have found the one stated to be decisive.

The vessel was out of commission and moored at a dock. It was attended occasionally by a caretaker. The latter's status is not clear. He did not testify and there is, therefore, no evidence as to what he did or did not do. Plaintiff testified as to what the man was supposed to have done but we do not know if he performed his assigned duties. The vessel was found in a sunken condition. Plaintiff employed a competent marine surveyor to take charge of the salvage of the vessel and to attempt to ascertain the cause of the sinking. The surveyor caused the water to be pumped from the vessel and the vessel raised. Inspection of the vessel then revealed a split in a hose connection which could have been the cause of the water entering the hull of the vessel.

We take the following from plaintiff's brief as a description of the hose which was alleged to have

broken and plaintiff's version of the cause of the vessel's sinking:

> "* * * Davis [the marine surveyor mentioned] raised the RUTH on July 12 at which time he discovered that the water entered the RUTH through a break about two inches long across the middle of a piece of four-ply hose, eight inches long and about two inches in diameter which had been removed from a sea suction line extending vertically from the bottom of the vessel. * * * This short piece of hose served as a connection to the sea outlet and was below the water line. A valve between the outlet and hose was open. Abrasions on the inside of the hose at the break clearly indicated that it had broken from inside out and was caused by something working in the hose although the something was not discovered."

It was incumbent upon plaintiff to prove the cause of sinking which he alleged. That is, that the hose was ruptured because some foreign matter, such as a piece of clam shell, was drawn into the hose and cut the hose from inside out and that the break was not the result of ordinary wear and tear. The allegations of plaintiff's complaint and a stipulation made at the start of the trial limited the case to that single issue as a cause of the sinking. The trial judge wrote an extended opinion in deciding the motion n.o.v. There is no need to repeat his careful analysis of the evidence. It is of interest only to the parties. We agree with his conclusion that: "The plaintiff expressly chose to rest his case on 'peril of the sea', but the evidence was such that the jury could only indulge in speculation as to whether or not the break in the hose was due to a peril of the sea or some other cause of loss not within the coverage of the policy."

It is said that: "On the question of the onus of proof, the ordinary rule is that where, upon the evi-

dence, the Court is left in doubt whether the loss was due to a peril insured against or some cause not covered by the policy, then, the plaintiff having failed to discharge the burden which lies upon him of proving his case, there must be judgment for the defendant underwriter." 2 Arnould, Marine Insurance and Average (12th Ed., 1939), § 1283, 1732.

We have studied the extensive authority cited by diligent counsel including, of course, *City M. T. Co. v. Franklin F. Ins. Co.,* 1925, 116 Or 102, 239 P 812 and *Shaver Co. v. Eagle Star Ins. Co.,* 1943, 172 Or 91, 139 P2d 769. In the latter case the opinion by Mr. Justice LUSK carefully reviews and analyzes many of the decisive cases and other authority which have defined and identified perils of the sea. There is no need to do it again. We are satisfied that the trial court correctly ruled and the judgment is affirmed.