Argued October 28, affirmed November 20, petition for
rehearing denied December 10, 1963

## STATE OF OREGON *v.* CLORAN

386 P. 2d 913

*Harold Banta,* Baker, argued the cause and filed
a brief for appellant.

*Jesse R. Himmelsbach, Jr.,* District Attorney,
Baker, argued the cause and filed a brief for respond-
ent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

McALLISTER, C. J.

The defendant, Ray Cloran, was convicted of perjury in Baker county on March 10, 1959. Thereafter, in proceedings under the habitual criminal act it was found that Cloran had been convicted of three prior felonies, and because of his status as an habitual criminal he was sentenced on the perjury charge to imprisonment for life.

Cloran appealed from his conviction, but on July 26, 1960 the appeal was dismissed for lack of prosecution.

Cloran did prosecute, in the circuit court for Marion county, a post-conviction proceeding, in which it was held that one of defendant's three prior convictions should not have been considered as a prior conviction within the meaning of the habitual criminal statutes in effect at the time of defendant's trial and sentence. Defendant's life sentence was vacated and he was remanded to Baker county for further proceedings.

Upon his return to Baker county Cloran filed a motion in arrest of judgment, which the trial court allowed. This court reversed that order and held that the authority of the circuit court of Baker county was limited upon the remand to the imposition of a lawful sentence. *State v. Cloran,* 233 Or 400, 377 P2d 911, 378 P2d 961 (1963). We instructed the court below "to impose upon defendant a lawful sentence for the crime of perjury of which he was found guilty." The circuit court thereafter sentenced Cloran to a

term of one year in the penitentiary, from which sentence he prosecutes this appeal.

Defendant in his first assignment of error alleges that the court when imposing the new sentence erred "in failing to consider or allow the defendant the benefit of any good conduct or work credits to which he may have become entitled while serving the void life sentence."

At the hearing preceding the imposition of the new sentence the state contended that defendant was liable to a maximum sentence of 10 years under subsection (2) of ORS 162.120, while defendant contended that subsection (3) of ORS 162.120 was applicable to his case and that he could not be sentenced to more than five years. The state apparently abandoned any effort to impose an enhanced penalty because of Cloran's prior convictions.

The defendant requested the court to take into consideration, when imposing a new sentence, the time defendant had served in the penitentiary under the invalid life sentence. Defendant also asked the court to take into consideration the time spent in the county jail from the date of his arrest until his conviction, and the time spent in the county jail from the time his original sentence was held invalid until he was resentenced. In addition, the defendant asked the court to take into consideration any good conduct credits and work credits which defendant might have earned under ORS 421.120 if he had been serving a term of years instead of a life sentence. When imposing the new sentence the trial court commented that Cloran had been "incarcerated in one form or another for a period of a little over four years," and then without further explanation imposed the one year sentence.

The statute[1] authorizing deductions from a prison term for good conduct and prison employment applies only to a prisoner serving "for any term other than life." However, we do not deem the quoted phrase controlling in this case. Of more importance is the fact that under our statute good conduct credits are contingent (a) upon certification by the warden to the Governor of the "industry and general reformation" of the prisoner, and (b) upon the order of the Governor. There is no showing in this case that either of these contingencies had occurred. We hold that under the circumstances of this case it was entirely within the discretion of the trial court whether to give any consideration in imposing sentence to defendant's alleged good conduct while he was confined in the penitentiary under the life sentence.

A similar situation arose in *Cannon v. Gladden,* 203 Or 629, 281 P2d 233. There this court declared a life sentence invalid and in effect remanded the prisoner to the trial court for the imposition of a sentence of not more than 20 years. In its original opinion this court directed the trial court "to allow petitioner credit for the time already served under his sentence and any credits for good behavior to which he may [be] entitled." In disposing of a petition for rehearing, how-

---

[1] ORS 421.120. "(1) Each prisoner now or hereafter confined, in execution of the judgment of sentence upon any conviction, in the penitentiary, for any term other than life, and whose record of conduct shows that he faithfully has observed the rules of the institution, and where industry and general reformation are certified to the Governor by the warden of the penitentiary, shall be entitled, upon the order of the Governor, to a deduction from the term of his sentence to be computed as follows:

"* * * * *

"(b) From the term of a sentence of more than one year, one day shall be deducted for every two days of such sentence actually served in the penitentiary.

"* * * * *"

ever, this court pointed out that good conduct credits could be allowed only "as certified to by the warden and upon his recommendation." The court said, at 203 Or 634:

"We did not intend to imply in our opinion that petitioner was entitled to any good behavior credits as a matter of course. It was our opinion that petitioner's exemplary conduct while in the penitentiary should be before the court in order that it might be so advised in passing sentence."

The effect of the above opinion was to leave it to the discretion of the trial court whether to give a lighter sentence because of the prisoner's good conduct during incarceration under the invalid sentence. Since the opinion in *Cannon v. Gladden* was written ORS 421.120 was amended by Ch 505, Oregon Laws 1955 to add "the order of the Governor" as an additional condition precedent to the allowance of good conduct credits.

Defendant's other three assignments of error are not relevant on this appeal and deserve no further comment.

The judgment is affirmed.