Argued February 1, affirmed April 2, 1965

# STATE OF OREGON v. BYRD

### 400 P. 2d 522

*Charles R. Harvey,* Portland, argued the cause and filed a brief for appellant.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Harold J. Blank, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PERRY, J.

The defendant was indicted for the crime of being an ex-convict in possession of a firearm capable of being concealed upon his person. Upon trial he was found guilty and from the judgment appeals.

The defendant contends the trial court erred in failing to direct a verdict of not guilty as presented upon his motion.

The basis of the motion is that there is a failure of proof, in that the evidence introduced is insufficient to support a finding by the jury that defendant had been formerly convicted of a felony.

To establish the prior conviction, the state offered in evidence an exemplified copy of a judgment rendered in Los Angeles County, California. This judgment discloses that one Stacy Calvin Byrd on November 4, 1953, had been found guilty of the crime of assault with a deadly weapon. The defendant did not admit nor deny he was the same person named in the judgment, nor was any other evidence offered to establish that defendant was the same person convicted in the state of California.

It is defendant's contention, since the California judgment discloses only the similarity of the convicted person with the defendant by reason of the same name, such evidence is insufficient to establish beyond a

reasonable doubt a necessary element in the crime of which defendant is charged, i.e., being an ex-convict.

There is respectable authority to the effect that mere identity of names is insufficient proof of identity of the person. On the other hand, there is respectable authority that identity of names is sufficient to create a presumption of identity of the person as a species of evidence which the defendant must meet.

■ In *State v. Black,* 150 Or 269, 42 P2d 171, 44 P2d 162, we adopted the rule that identity of names is sufficient to create a presumption of identity of the person. We stated, p. 281:

> "The above, we believe, constitutes a sufficient citation and review of the authorities. They indicate that identity of name ordinarily suffices to prove prima facie identity of individual. If the presumption of innocence encounters proof of identity of name the courts, nevertheless, engage in a presumption of identity."

The cases both pro and con are set forth in the annotations in 11 ALR2d 870, § 7.

In the cases cited which hold that identity of names alone is insufficient to prove identity of person, it does not appear that there are in those jurisdictions statutes covering such proof as evidence.

In addition to our prior decision in *State v. Black,* supra, ORS 41.340 defines a presumption as follows:

> "A presumption is a deduction which the law expressly directs to be made from particular facts."

Also, ORS 41.360 provides:

> "All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but

unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:

"* * * * *

"(25) Identity of person from identity of name."

■ In this state the statutory presumptions are evidence which must be overcome by evidence to the contrary. *Wiebe v. Seely, Administrator*, 215 Or 331, 335 P2d 379; *City M. T. Co. v. Franklin F. Ins. Co.*, 116 Or 102, 239 P 812.

■ Therefore, there can be no doubt but that identity of the person through identity of names is evidence which must be overcome by other evidence to destroy the presumption, and in the absence of such other evidence the presumption stands.

The judgment is affirmed.