Argued September 19, affirmed December 18, 1969

LUNDGREN, *Appellant, v. CUPP, Respondent.*
NEAL, *Appellant, v. CUPP, Respondent.*

462 P. 2d 447

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellants. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General and Deane S. Bennett, Assistant Attorney General, Salem.

SCHWAB, C. J.

Lundgren and Neal, having been separately convicted of felonies, were given enhanced penalties as habitual criminals under ORS 168.085. In the course of those proceedings, in which each was represented by counsel, neither attacked the constitutional validity of the previous convictions alleged. On the contrary, Neal admitted the "truth" of all material allegations of the Information of Previous Convictions and Lundgren entered a plea of "guilty" to the Information of Previous Convictions.

Each subsequently filed a petition for post-conviction relief on the ground that certain of the previous convictions were void in that they resulted from proceedings in which counsel was neither furnished nor properly waived. Neither petition explains the failure of petitioner to raise this issue when sentenced. Demurrers to the petitions for post-conviction relief on the ground that they failed to state causes of action were sustained. This is the basis of petitioners' consolidated appeals.

One of the state's arguments is that the demurrers were properly sustained under the authority of *Bevel v. Gladden,* 232 Or 578, 376 P2d 117 (1962). We do not agree. In *Bevel v. Gladden,* supra, the petitioner

was challenging only one previous conviction. The Supreme Court affirmed the denial of post-conviction relief because the enhanced penalty imposed on Bevel was the minimum sentence which the sentencing judge could have legally imposed even disregarding the challenged conviction. However, if the sentencing judges had disregarded the previous convictions which Neal and Lundgren now challenge, they could legally have imposed lesser sentences.

■ We turn now to the state's contention that the petitioners waived any objections to the validity of the previous convictions by not challenging them in the sentencing hearings. Petitioners argue that their failure to raise these objections at the sentencing hearings is not a bar to raising them in post-conviction proceedings. A reasonable argument can be made that, taken alone, *Clark v. Gladden*, 247 Or 629, 432 P2d 182 (1967), supports this position. However, *North v. Cupp*, 254 Or 451, 461 P2d 271, handed down by the Oregon Supreme Court on November 19, 1969, clarifies the rationale of *Clark* and in so doing narrows what might have previously been considered its holding. See also *Lay v. Cupp*, 1 Or App 296, 462 P2d 443, handed down by this court December 12, 1969.

*North v. Cupp,* supra, holds that with certain exceptions constitutional error cannot be raised in post-conviction proceedings unless the error was preserved at trial by contemporaneous objection. In light of *North v. Cupp,* supra, petitioners cannot obtain relief unless they plead and prove by a preponderance of the evidence that their failure to raise the issue in the enhanced penalty proceedings was due to a circumstance of the kind set forth in that opinion as justifying an exception to the procedural rule. A petition for

post-conviction relief must "* * * set forth specifically the grounds upon which relief is claimed * * *." ORS 138.580. The demurrers were properly sustained.

 It is the general rule that upon appeal from a judgment on demurrer below, a judgment of affirmance is final. However, the Oregon Supreme Court has recognized that there are situations in which this rule should not be invoked. *Coblentz v. State Ind. Acc. Com.*, 203 Or 258, 279 P2d 503 (1955); *Williams v. Pacific Surety Co.*, 66 Or 151, 127 P 145, 131 P 1021, 132 P 959, 133 P 1186 (1913), and *McDonald v. Cruzen*, 2 Or 259 (1868). We think this is such a case. Until the advent of *North v. Cupp,* supra, *Clark* could have reasonably been interpreted as supporting the proposition that the petitions as filed in the cases at hand were adequate. The judgments are affirmed, but these causes are remanded to the trial court for such further proceedings as in its discretion it shall deem proper in light of this opinion.

Affirmed.