Argued March 26, affirmed April 9, petition for rehearing denied
May 10, petition for review denied June 26, 1973

GEORGE WESLEY STORMS (No. 77441),
*Appellant, v.* CUPP, *Respondent.*

508 P2d 450

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*William R. Canessa,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

Petitioner Storms is imprisoned under a sentence imposed upon his conviction for burglary not in a dwelling, former ORS 164.240. The conviction was affirmed on appeal. *State v. Storms,* 7 Or App 365, 489 P2d 1152 (1971), Sup Ct *review denied* (1972). Storms then filed a petition for post-conviction relief which alleged that he had been denied effective assistance of counsel on appeal. From the denial of his post-conviction petition, Storms brings this appeal.

Prior to his trial, petitioner moved to suppress certain evidence which had been seized pursuant to a search warrant. The motion was denied and petitioner was subsequently convicted. He appealed his conviction, but appellate counsel did not assign as error the denial of the motion to suppress.

At the hearing on this petition, Storms testified that he had requested appellate counsel to raise the issue on appeal. Counsel was not asked whether he recalled such a request. In any event, counsel testified that he did not raise the issue because, in his judgment, the lower court ruling was correct and the issue had no merit.

Petitioner did not allege in his post-conviction petition nor does he argue to us that counsel's assessment of the merit of the issue was incorrect. The post-conviction record does not disclose the facts or circumstances surrounding the search and seizure, the motion to suppress, or even whether any of the evidence seized was introduced against him at trial. His position rests on the proposition that a criminal defendant is entitled to " 'full, appellate review' on all issues that could be raised on appeal if the defendant requests that said issues be raised," regardless of the merit of said issues. He relies on *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493, *rehearing denied* 388 US 924 (1967); *Douglas v. California,* 372 US 353, 83 S Ct 814, 9 L Ed 2d 811 (1963); *Shipman v. Gladden,* 253 Or 192, 453 P2d 921 (1969).

These cases hold that "[t]he due process right to assistance of counsel requires more than a *pro forma* representation * * *." *Shipman v. Gladden,* supra, 253 Or at 198.

In the *Anders* case, court-appointed counsel re-

fused to proceed with his client's first appeal because he found no merit in it. The court held that effective assistance of counsel on appeal means the right to have one's lawyer place before the reviewing court all points which might arguably support a reversal of the conviction, in order that the indigent client might be afforded "that advocacy which a nonindigent defendant is able to obtain." 386 US at 745.

In *Shipman v. Gladden,* supra, the defendant was deprived of any appellate review of his conviction because his attorney failed to file timely notice of appeal. The *Shipman* court held that:

"* * * The failure of counsel to timely file a notice of appeal after he has been requested or agreed to do so is incompetence as a matter of law and a denial of due process. This is equally true whether the negligent counsel has been appointed or retained. The 'invidious discrimination' is not between the rich who can hire counsel and the poor for whom counsel must be appointed, but between those who are represented by competent counsel and those whose counsel prove to be grossly incompetent or culpably negligent." 253 Or at 199.

The crucial factor in those decisions was that the defendants had been deprived of the assistance of counsel for any appellate review of their convictions. *Anders* and *Shipman* require appellate counsel to present all issues which might *arguably* support reversal, and to diligently process the appeal.

In short, they require that the defendant be assisted by an attorney exercising professional competence and judgment. Even the strict standards set out in *Anders* do not require appellate counsel to raise any issue requested by defendant regardless of merit, but only those which "might arguably support the ap-

peal." 386 US at 746. *See,* Hermann, *Frivolous Criminal Appeals,* 47 NYU L Rev 701, 712 (1972).

■ While it might be advisable in some cases to include in appellant's brief a statement as to points defendant wishes to raise on appeal, we are not prepared to hold that failure to do so is incompetence as a matter of law, on a par with failing to timely file a notice of appeal, or refusing to proceed with an appeal at all.

■■ The burden is on the petitioner to produce evidence supporting his claim of counsel's incompetence. *Benson v. Gladden,* 242 Or 132, 407 P2d 634, 638 (1965), *cert denied* 384 US 908 (1966); *Cole v. Cupp,* 3 Or App 616, 475 P2d 428 (1970). *See, State v. Abel,* 241 Or 465, 406 P2d 902 (1965). Ordinarily, the requisite showing cannot be made without indirectly offering evidence on the merits of the issue which allegedly should have been raised on the direct appeal.

■■ Furthermore, petitioner must not only show counsel's incompetence, but also that he was prejudiced thereby. *State v. Goddard,* 5 Or App 454, 485 P2d 650 (1971). *See, Dixon v. Gladden,* 250 Or 580, 444 P2d 11 (1968); Annotation, 74 ALR2d 1390 (1960).

Having failed to do so, he is not entitled to the relief he seeks. *State v. Goddard,* supra. *See also, People v. Degraffenreid,* 19 Mich App 702, 173 NW2d 317 (1969), for an excellent discussion of this point and effective assistance of counsel in general.

Affirmed.