Argued October 29, sentence vacated; remanded December 17,
1973, petition for reconsideration denied January 16,
petition for review denied March 5, 1974

## STATE OF OREGON, *Respondent, v.* BOBBY RAY ANDERSON (No. 3565), *Appellant.*

517 P2d 339

*Robert L. Burkett,* Portland, argued the cause and filed the brief for appellant. A supplementary brief was filed by appellant Bobby Ray Anderson, pro se.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

This is a delayed appeal from defendant's enhanced sentence as an habitual criminal under former ORS 168.015 et seq.[1] The defendant was convicted on December 16, 1964, of possession of narcotic drugs, former ORS 474.020, and sentenced to a term of five years and a fine of $2,500.[2] This conviction was affirmed in January 1966. *State v. Anderson,* 242 Or 368, 409 P2d 681 (1966). On February 16, 1966, the district attorney filed an information alleging that defendant was an habitual criminal:

"COMES NOW the State of Oregon * * * and informs the Court as follows:

"That the above named defendant is now serving a sentence in the Oregon State Penitentiary of Five years imposed by the Circuit Court of the State of Oregon, County of Umatilla, on December 16, 1964, for the crime of Possession of Narcotic Drugs.

[1] ORS 168.015 et seq was repealed by Oregon Laws 1971, ch 743, Sec 432, p 2002.

[2] The maximum penalty for this offense was a fine not exceeding $5,000, or imprisonment in the state penitentiary for a period not exceeding 10 years, or both. Former ORS 474.990, amended Oregon Laws 1971, ch 743, Sec 377, p 1978.

"That the said defendant at the time of the commission of the above offense had the following felony convictions:

"1. Attempted rape, February 12, 1952, in Case No. 25647 in the District Court of the State of Texas for Grayson County.

"2. Attempted burglary, April 18, 1962, in the Circuit Court of the State of Mississippi for Hinds County.

"3. Convicted felon in possession of a firearm capable of being concealed upon the person, July 3, 1964, in Case No. Cr. 3353, in the Circuit Court of the State of Oregon for Umatilla County.

"4. Convicted felon in possession of a firearm capable of being concealed upon the person, October 12, 1964, in Case No. Cr. 3375, in the Circuit Court of the State of Oregon for Umatilla County.

"5. Burglary not in a dwelling house, September 9, 1965, in Case No. 65-168-C, in the Circuit Court of the State of Oregon for Josephine County.

"6. Larceny in a store, September 29, 1965, in Case No. C-44899, in the Circuit Court of the State of Oregon for Multnomah County.

"DATED this 15th day of February, 1966."

The matter first came before the court on February 25, 1966, when the defendant acknowledged receipt of the information and requested the appointment of counsel. The defendant again appeared before the court on March 21, 1966, and a requested delay was granted to enable his appointed counsel to prepare for the case. At his next appearance on March 23, 1966, the allegations of the information were read to him. Defendant denied the allegations of the previous convictions numbered 1, 2, 3 and 4 in the information. His attorney objected to number 5 and the court on its own motion included number 6 in the objection.

Trial was held to the court on the information on March 30, 1966. No evidence concerning allegations five and six was introduced. Records of convictions numbered 1, 2, 3 and 4 in the information were introduced as well as evidence of the conviction of the principal offense, possession of narcotics. No objection was made to the authentication of these records. Defense counsel did object to convictions 1, 2 and 3, however, when the state's expert was unable to state that the fingerprints on the records of those convictions were those of the defendant. The witness could only conclude that the fingerprints in the three records were of the same individual. The court overruled the objection and found that the evidence presented was sufficient and satisfactory proof of those previous convictions numbered 1 through 4. The court vacated the sentence of the principal offense and imposed a new sentence of 30 years in the penitentiary and a fine of $2,500.

Former ORS 168.055 provided:

"(1) Within two years after conviction of the principal offense the district attorney in the county of conviction of the principal offense shall:

"(a) If he has reason to believe there has been a conviction which would justify an enhanced penalty for the principal offense under any applicable law, immediately investigate to determine whether there has been such a conviction; and

"(b) If he obtains competent evidence of the conviction described in paragraph (a) of this subsection, immediately file with the court of conviction of the principal offense an information alleging that conviction.

"(2) If the district attorney files the information described in paragraph (b) of subsection (1) of this section, he shall immediately inform the defendant of the proceeding by having a copy of the informa-

tion served personally upon the defendant by any person who is 21 years of age or older."

Defendant contends that the delay of nearly 14 months in the filing of the information violated his rights under the statute. No objection to this delay was raised at trial.

■ ■ In a case decided after the trial, this court interpreted the word "immediately" in former ORS 168.055 to mean that the district attorney must proceed within a reasonably prompt period of time after the pertinent information becomes known. *State v. Romero,* 1 Or App 217, 461 P2d 70 (1969). The defendant recognizes his failure to raise this point below, but urges our consideration under Rule 5.40.[9] However, for this court to consider the question under Rule 5.40, there must be an exceptional circumstance, or at the least the error egregious. A decision such as *Romero,* clarifying rather than pronouncing new principles of law, does not constitute an exceptional circumstance. The failure of defendant to object at trial, coupled with the absence of a showing of actual prejudice, precludes our consideration of the alleged error now.

■ Defendant assigns as error lack of proper authentication of the records of convictions numbered 1 and 2. This error was not preserved by timely objection and we therefore do not consider it.

■ As noted above, convictions numbered 1, 2 and 3 were identified from the fingerprints which were part

---

[9] Rule 5.40 of this court provides:

"In appeals in actions at law no alleged error of the trial court will be considered on appeal unless regularly assigned as error in the appellant's opening brief, except that the court reserves the right to take notice of an error of law apparent on the face of the record."

of the record as being all of the same individual, but the fingerprints in those records were not identified as those of the defendant in the case at bar. Defendant relies on the provisions of subsections (b) and (c) of former ORS 168.080. That statute read:

"(1) The court shall consider as prima facie evidence of the former conviction alleged:

"(a) A copy of the judicial record of that conviction which copy is authenticated under ORS 43.110 or 43.120;

"(b) A copy of the fingerprints of the subject of that conviction which copy is authenticated under ORS 43.330; and

"(c) Testimony that the fingerprints of the subject of that conviction are those of the defendant.

"(2) This section does not prohibit proof of former conviction by any other procedure."

Subsection (2) of former ORS 168.080 provided for alternative means of identification. *See, State v. Capitan,* 2 Or App 338, 344, 468 P2d 533 (1970). Each of the records in question contained a photograph of the person convicted. Photographs were an acceptable means of identification under subsection (2) of the statute. *See, State v. Smith,* 128 Or 515, 273 P 323 (1929). Moreover, the identity of names in the questioned records with that of defendant created a disputable presumption that the defendant in the case at bar and the person named in the records were the same. ORS 41.360 (25). *State v. Byrd,* 240 Or 159, 400 P2d 522, *cert denied* 382 US 865 (1965). While it is difficult to understand why a comparison of defendant's fingerprints with those in the questioned records was not put into evidence, failure to require such was not error.

■ Defendant contends that the trial court erred in allowing the case to be heard before the expiration of

the 15-day waiting period required by former ORS 168.065.[4] Defendant's first appearance was limited to a reading of the information. The actual hearing on the facts alleged in the information did not take place until nearly six weeks had passed. The defendant was in no way prejudiced by the premature appearance and there is no reason to consider this issue, particularly in view of his failure to raise the matter in the court below.

■ Defendant argues that under the Habitual Criminals Act, former ORS ch 168, when an enhanced penalty is imposed it cannot include the fine previously imposed as part of the punishment for the principal offense. He bases this on the theory that the penalty provisions

---

[4] Former ORS 168.065 provided:

"After 15 days from the service of the copy of the information under ORS 168.055 the court of conviction of the principal offense shall:

"(1) Cause the defendant, whether imprisoned or otherwise, to be brought before it.

"(2) Orally inform the defendant of:

"(a) The allegations in the information and the defendant's right to a hearing on the truth of the allegations.

"(b) The defendant's right to the aid of counsel.

"(3) Require the defendant, after he has a reasonable time to consult counsel, to admit or deny the allegations in the information.

"(4) If the defendant denies the allegations in the information, refuses to answer or remains silent, enter of record the defendant's response or the fact of his silence and proceed to hear, determine and make a written finding on the allegations.

"(5) If the defendant admits the truth of the allegations in the information, enter of record the defendant's response.

"(6) If the defendant admits, or the court otherwise finds, the former conviction alleged, vacate any sentence imposed upon conviction of the principal offense, impose any new sentence permitted or required by law, and, unless the new sentence is for the defendant's natural life, deduct from the new sentence the period of imprisonment on the sentence so vacated."

of former ORS ch 168 required not an increased, but different, sentence than would otherwise have been imposed for the principal offense, and that former ORS ch 168 did not include a fine in its penalty provisions. No purpose would be served by a detailed analysis of former ORS ch 168, because the 1971 legislature repealed the Habitual Criminals Act and substituted a wholly different statute—ORS 161.725. Suffice it to say that although the procedural mechanics mandated by former ORS ch 168 were couched in terms of vacating the original sentence and imposing a new sentence, the obvious intent of the legislature, determinable from the language in the statute, was not that the penalty provisions of the statute covering the principal offense be disregarded, but that the imprisonment provisions of the principal-offense statute be "enhanced." It thus follows that since defendant's sentence for the principal offense had included a $2,500 fine it was proper for the trial judge in imposing an enhanced prison sentence under former ORS ch 168 to re-impose the fine.

■ Defendant's contentions relating to unconstitutionality of the Oregon Habitual Criminals Act as it existed at the time he was sentenced have all been previously decided against his position, and no purpose would be served by reviewing the authorities here.

■ Defendant also alleges that his trial counsel[⑨] was inadequate. While the record here demonstrates that appointed counsel for the defendant did make some mistakes these errors did not render the trial a farce or mockery of justice. *See, Storms v. Cupp,* 13 Or App 273, 508 P2d 450, Sup Ct *review denied* (1973).

■ ■ Finally, we come to defendant's contention

[⑨] Counsel on appeal was not defendant's counsel at trial.

that the conviction numbered 4 in the information should not have been taken into consideration. That record shows upon its face that the conviction occurred after the commission of the principal felony and as such should not be considered under the provisions of former ORS 168.015 (4) which provided that a conviction is not a former conviction for the purposes of an enhanced penalty if:

"* * * * * *

"(b) That conviction was rendered after the commission of the principal felony."

It follows that only three convictions should have been considered. In *Bevel v. Gladden,* 232 Or 578, 376 P2d 117 (1962), the Supreme Court refused to set aside the enhanced penalty imposed when the defendant had been convicted of at least three other felonies in addition to the challenged conviction. The rationale of that opinion was that the enhanced sentence was the minimum permitted even without the challenged conviction. *See, Lundgren and Neal v. Cupp,* 1 Or App 334, 336, 462 P2d 447 (1969). Here this is not the case. Thus, while the sentence imposed was statutorily permitted we are unable to say that consideration of conviction numbered 4 did not influence the length of the sentence. Consequently, we vacate the sentence and remand for the imposition of a sentence consistent with this opinion.

Sentence vacated. Remanded.

FORT, J., dissenting.

I dissent from that portion of the court's opinion which holds that upon defendant's sentence under the Habitual Criminals Act the court had power to impose

a fine of $2,500 thereunder in addition to the enhanced sentence imposed. ORS 168.085 provides:

> "* * * [A]ny person who has been convicted of a principal felony and who, pursuant to ORS 168.015 to 168.080, is found by the court to have been formerly convicted of a felony, shall be sentenced, in the court's discretion, as follows:
>
> "* * * * * *
>
> "(3) Where three or more former convictions of felony are found by the court, imprisonment for any term up to and including imprisonment for life."

Following the filing of an information pursuant to ORS 168.055, ORS 168.065 provides:

> "* * * [T]he court of conviction of the principal offense *shall*:
>
> "* * * * * *
>
> "(6) If the defendant admits, or the court otherwise finds, the former conviction alleged, *vacate any sentence imposed upon conviction of the principal offense, impose any new sentence permitted or required by law* * * *." (Emphasis supplied.)

Nothing in the foregoing sections in my view authorizes the imposition, as a part of the enhanced penalty imposed, of a fine, whether as here originally imposed under the sentence vacated, or independently as a part of the new enhanced sentence. Had the legislature so intended, it would have said so.