Submitted on records and briefs July 24, affirmed
September 22, 1975

BOBBY R. ANDERSON, *Appellant, v.* CUPP
(No. 87416), *Respondent.*

540 P2d 408

Bruce H. Grim and Douglas, Grim, Fender & Carson, P.C., Salem, for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Rhidian M. M. Morgan, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Petitioner appeals from the circuit court's denial of relief sought under a writ of habeas corpus. Petitioner seeks his release from the penitentiary, contending that he has completed all sentences validly imposed.

Petitioner received a five-year sentence from Umatilla County in December 1964, which sentence was increased to 30 years on March 31, 1966, pursuant to former ORS 168.015 to 168.085 (the habitual criminal statutes). Because one of four prior convictions should not have been considered, petitioner's 1966 enhanced sentence from Umatilla County was vacated and the case remanded by this court on December 17, 1973, for resentencing. *State v. Anderson,* 15 Or App 607, 517 P2d 339 (1973), Sup Ct *review denied* (1974). Defendant was in due course, on April 24, 1974, resentenced by the Umatilla County Circuit Court to an enhanced sentence of 12 years based upon three prior convictions.

Meanwhile, on February 2, 1968, petitioner had received a two-and-one-half-year sentence in Marion County for escape, which sentence was to run consecutively to the Umatilla County sentence. Petitioner's good time was also taken for the escape.

On June 3, 1974, petitioner's good time was certified by the Governor and petitioner was discharged from the Umatilla County sentence and began service of the two-and-one-half-year Marion County sentence. We cannot tell from the record before us for what period good time was certified or the basis on which it was certified.

Appellant first contends that the Umatilla County 30-year sentence imposed in 1966 was "null and void" and, as a result, the Marion County consecutive sentence should be considered to run as a concurrent sentence as of February 2, 1968, the date it was imposed.

In vacating the Umatilla County enhanced sentence, we noted:

"* * * [W]hile the sentence imposed was statutorily permitted we are unable to say that [the erroneous consideration of the fourth conviction] did not influence the length of the sentence. * * *" *State v. Anderson,* supra, 15 Or App at 616.

■ Petitioner's conviction and habitual criminal proceedings remained valid. The result of the remand was that the 12-year sentence supplanted the 30-year sentence. *See, e.g., Gordon Sayre Little v. Gladden,* 202 Or 16, 30, 273 P2d 443 (1954). *See also,* Annotation, 68 ALR2d 712 (1959). The Marion County consecutive sentence thus properly began to run as of the date of expiration of the corrected sentence.

Petitioner alternatively contends that his corrected Umatilla County sentence should have expired not on June 3, 1974, when his good time was certified by the Governor, but on December 15, 1972, the date on which the 12-year sentence would have expired had petitioner been granted all the good time allowable thereon. There is nothing in the record or petitioner's brief by which we can tell how he arrived at this date. In any event, if this were correct, petitioner by now would have completed his consecutive escape sentence.

■ A prisoner is not entitled to good time; it is only awarded upon certain contingencies including "* * * where industry and general reformation are certified to the Governor by the superintendent of the * * * institution * * *" and ordered by the

Governor. ORS 421.120. The June 3, 1974, date of certification is the correct date of the expiration of the Umatilla County sentence. *State v. Cloran,* 236 Or 109, 386 P2d 913 (1963); *Burns v. Newell,* 12 Or App 621, 507 P2d 414, Sup Ct review denied (1973).

Presuming good time and extra time pursuant to ORS 421.120, the parties agree that petitioner's remaining sentence will expire December 7, 1975.

Affirmed.