Argued April 6, affirmed April 21, 1965

# STATE OF OREGON *v.* CHEEK

401 P. 2d 27

*Gale K. Powell,* Bend, argued the cause for appellant. With him on the brief were Dennis L. Marvin and Marvin & Powell, Bend.

*Robert E. McCrea,* Special Deputy District Attorney for Harney County, Eugene, argued the cause for respondent. With him on the brief was Irving Allen, District Attorney for Harney County, Burns.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN and HOLMAN, Justices.

HOLMAN, J.

Defendant was charged under an indictment alleging he was guilty of three separate crimes which were set out in separate counts. The crimes were grand larceny, injuring personal property, and concealing stolen property.

The indictment arose out of the burglary of Murphy's Tavern at Burns during which a safe was stolen and removed to an isolated area near Sagehen 16 miles from town. There the safe was "peeled" and certain money was taken from it. Part of the money in the form of coins in a cigar box was secreted in a "rodent hole" in the sagebrush. Two other persons, Tarrant and Neely, were involved.

Defendant was found not guilty of grand larceny and guilty of the other two charges. He admits in his brief he damaged the safe in opening it and he admitted it at trial, and therefore does not appeal from his conviction of injuring personal property. He does appeal from his conviction of concealing stolen property in the form of the cigar box of coins.

■ He first contends he was prejudiced by the court's failure to grant a judgment of acquittal on the charge of grand larceny. If the court erred in not granting such a judgment, it was harmless as he was found not guilty of this charge by the jury.

■ Defendant next contends the court erred in not granting a judgment of acquittal on the charge of concealing stolen property as there was not sufficient evidence connecting him with the crime to corroborate the testimony against him of his accomplice, as required by ORS 136.550. The statute provides as follows:

> "A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the crime. The corroboration is not sufficient if it merely shows the commission of the crime or the circumstances of the commission."

The accomplice Neely testified to the facts that follow. He induced the defendant to go with him to where he and Tarrant had dumped the safe in the sagebrush after they "popped the front door" and removed the safe from Murphy's Tavern. Defendant's purpose in going was to open the safe for Neely. They opened the safe, took the money from it and while leaving became stuck in a mud hole about 60 feet from where the safe was secreted. They were using defendant's car. They walked the two or three miles out to the main highway, defendant leaving the road at one point for the purpose of secreting the cigar box of coins.

The corroborating evidence in part was as follows: Defendant's car was found stuck in the mud hole next

to the safe. Two sets of footprints appeared from time to time on the road leading out to the main highway from the car. One set of tracks appeared to have been made by conventional shoes and the other by tennis shoes. Part way out to the main highway the set of tracks made by conventional shoes left the side road and went out into the sagebrush where the cigar box of coins was found. A pair of tennis shoes was taken from Neely. This, in our opinion, was sufficient corroboration to comply with the statute.

■ Defendant contends error was committed in permitting the state, as part of its case in chief, to read into the record part of the transcript in a prior case in which defendant admitted opening the safe. If error was committed, it was subsequently cured as defendant has admitted, both in his brief and on the witness stand in this case, that he did open the safe.

■ Defendant charges as error the court's permitting the state to show that certain physical evidence was not available as it had been destroyed after it had been used in a prior case against defendant as authorities thought litigation was at an end. This was not improper, and in addition, the court was careful to advise the jury that defendant's conviction in the prior case in which the evidence had been used had been set aside.

■ Defendant also charges error in allowing the state to introduce in evidence the judgment records of two prior convictions after defendant had already testified on direct examination concerning his convictions. The very statement of defendant's claim of error shows that the court's action could not possibly have been prejudicial to him in any event.

The judgment of conviction is affirmed.