Argued November 1, affirmed December 21, 1966

# STATE OF OREGON *v.* TROY ETSEL CHEEK

421 P. 2d 685

*Keith Burns,* Portland, argued the cause for appellant. With him on the briefs were Willner, Bennett, Leonard & Burns, Portland.

*John M. Eaton,* District Attorney, Burns, argued the cause for respondent. With him on the brief was Robert McCrea, Special Deputy District Attorney for Harney County, Eugene.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

The defendant appeals from the enhanced penalty imposed under the habitual criminal statute. This court previously affirmed the defendant's conviction for the principal offense which was the basis for this enhanced penalty proceeding. *State v. Cheek,* 240 Or 323, 401 P2d 27 (1965).

■ Defendant asserts that the state did not prove he was the same person who was previously convicted. The state introduced properly authenticated copies of two convictions of Troy Etsel Cheek, the name of the present defendant. We do not need to rely upon

*State v. Byrd,* 240 Or 159, 400 P2d 522 (1965), that identity of name creates a presumption of identity of person. The defendant in the trial for the principal offense took the stand and on direct examination testified that he was convicted of the same two crimes stated in the authenticated copies of conviction. The record of that trial is a part of the record on this appeal.

■ Defendant also contends he was not convicted of a "principal" felony. The statutes provide that in order for an enhanced penalty proceeding to be instituted, the defendant must be convicted of a "principal felony." ORS 168.015 et seq. Conviction of a principal misdemeanor is not a sufficient base upon which to commence enhanced penalty proceedings. ORS 168.085. In the present case the defendant was convicted of, among other charges, injury to personal property, which can constitute either a felony or misdemeanor. ORS 164.900. The court sentenced the defendant to three years; therefore, it was a felony conviction. Upon enhanced penalty proceedings, the court vacated this sentence and resentenced him as a habitual criminal to seven years for this same offense. Defendant argues that when the three-year sentence was vacated the conviction of a felony was removed.

■ The trial court followed the procedure provided by ORS 168.065(6). In a habitual criminal proceeding the character of the conviction, felony or misdemeanor, is fixed by the initial sentence and the vacation of that sentence in order to impose an enhanced penalty does not affect that initial characterization. *State v. Smith,* 128 Or 515, 521, 273 P 323 (1929).

■ Defendant's last contention is that the habitual criminal statute is violative of the Equal Protection Clause of either the United States or the Oregon Con-

stitution. The indictment was in two counts: one count for injuring personal property, which carries a maximum penalty of three years, and the other count for concealing stolen property, with a maximum penalty fixed by statute of five years. Our habitual criminal statute provides that the maximum enhanced penalty shall be a multiple of the maximum penalty for the principal offense. If only one count can be the principal felony, the determination of whether it is the count which carries a three-year maximum or the one which carries the five-year maximum can make a difference.[1] Defendant reasons that the statute leaves the selection of which is the principal offense to the District Attorney without any guidelines. Defendant claims this is unconstitutional under *State v. Pirkey*, 203 Or 697, 281 P2d 698 (1955).

The trial court indicated it selected the injury-to-personal-property charge as the principal offense and sentenced the defendant to seven years. Using such charge as the principal offense, nine years would have been the maximum penalty. Under such circumstances we need not decide the issue presented by defendant. Defendant has not been prejudiced because the trial court selected as the principal offense the offense carrying the lesser maximum penalty.

Affirmed.

---

[1] We do not decide whether in a multiple-count indictment both counts can be "principal" offenses.