Argued November 19, 1969, affirmed January 29, petition
for rehearing denied February 24, 1970. Petition
for review denied by Supreme Court
April 21, 1970

## STATE OF OREGON, *Respondent, v.*
## MICHAEL STEVEN BRAMMEIER,
### *Appellant.*
464 P. 2d 717

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Michael E. Murphy,* Deputy District Attorney, Eugene, argued the cause for respondent. On the brief were Stephen H. Keutzer, Deputy District Attorney and John B. Leahy, District Attorney, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY and BRANCHFIELD, Judges.

SCHWAB, C. J.

Defendant appeals from a conviction for the illegal possession of narcotics.

Defendant, then 17 years of age, was taken into temporary custody by the police because he was beyond parental control. The right of the police to take him into custody is not challenged. The police "frisked" defendant for weapons prior to placing him in a police car. The officer conducting the search discovered a stained pipestem and plastic tube

wrapped in a plastic bag.. The officers thought that these items had been used for smoking marihuana. Believing defendant might be in possession of marihuana, the officers searched him further and discovered a small amount wrapped in metallic foil in a small box.

One of the officers then advised defendant of his constitutional right to remain silent and his right to counsel. Defendant was asked if he understood his rights and he replied, "Yes." When asked if he wished to talk with the officers at that time defendant responded with a shrug of his shoulders. Soon thereafter, while still in the police car, defendant engaged in conversation with the officers. Incriminating statements made by him at this time were used as evidence at trial. There is no claim that these statements were made as a result of coercion by the police.

After taking defendant to a juvenile detention facility one of the officers took defendant's jacket from him and searched it. In the lining he found two plastic tubes, one of which contained marihuana.

At trial defendant moved to suppress the introduction into evidence of the items found in the above-described searches and the incriminating statements made by him to the police. This motion was denied and the items and statements were received into evidence at trial.

Defendant assigns as error: (1) the denial of the motion to suppress; and (2) the admission of his incriminating statements.

■■ Defendant contends the physical evidence should have been suppressed because it was obtained

as a result of an illegal search. A search for weapons incident to an arrest is proper.

> "* * * When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape * * *." *Chimel v. California*, 395 US 752, 89 S Ct 2034, 23 L Ed 2d 685, 694 (1969).

Defendant argues that under ORS 419.571(1) the temporary custody of a juvenile is not an arrest and therefore the search was not incident to an arrest. However, the statute also states that "A peace officer taking a child into temporary custody has all the privileges and immunities of a peace officer making an arrest." ORS 419.571(2).

The initial search, being a reasonable search for weapons, violated neither constitutional nor statutory standards.

In addition to searching for weapons, "* * * [I]t is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction * * *." *Chimel v. California*, supra, at 694. "'As a general rule, the search must be reasonably related to the offense which prompts the arrest.'" *State v. Krogness*, 238 Or 135, 388 P2d 120, cert. den. 377 US 992, 84 S Ct 1919, 12 L Ed 2d 1045 (1964), quoted in *State v. O'Neal*, 87 Or Adv Sh 83, 85, 251 Or 163, 444 P2d 951 (1968).

■ In the present case the defendant had not been taken into custody for the commission of a crime. A search for evidence of crime would not have been reasonable if the officers had not discovered the pipe-

stem and plastic tube in their search for weapons. However, such discovery gave the officers grounds to search the defendant further.

> "Where the officer, without trespassing, sees contraband or other evidence reasonably causing him to believe that contraband is being transported or that some other crime is being committed in his presence, he may have probable cause to make an arrest for the newly discovered offense as well as for the traffic offense which initially brought the subject to the attention of the officer. In such a case, while there may be no distinct demarcation between the first and second arrests, there does exist, prior to any extensive search, a probable-cause foundation for an arrest for an offense more serious than a traffic violation. The officer then is justified in making such a search as may be commensurate with the gravity of the newly discovered situation. Probable cause to arrest for the more serious offense, when present, will answer constitutional objections to the rigor of the ensuing search * * *." *State v. Krogness,* supra, at 145.[1]

Defendant argues that the discovery of the stained pipestem and plastic tube did not give the officers probable cause to believe defendant was in possession of marihuana because nearly every pipe used for tobacco is stained. At the time defendant was taken into custody he was under 18 years of age. It would have been a crime for him to possess either tobacco or marihuana. ORS 167.250 and ORS 474.020. Upon discovering the pipestem and plastic tube the officers

---

[1] Krogness was subsequently released on a federal writ of habeas corpus. United States ex rel Krogness v. Gladden, 242 F Supp 499 (DC Or 1965). The constitutionality of the principle enunciated in the *Krogness* opinion was not the basis of the federal court ruling which was predicated solely on its applicability to the particular facts of that case.

had probable cause to believe he was in possession of one of these materials. The search for such evidence was proper.

■ The search of the jacket conducted at the detention facility was merely a continuation of the search for evidence commenced upon the discovery of the pipestem and plastic tube. It was reasonable for the officers to temporarily delay the thorough search of defendant's clothes thereby allowing him to wear them until he was taken to the detention facility.

■ In support of his second assignment of error defendant contends that he did not waive his constitutional right to remain silent and right to counsel. After the officers first found marihuana on his person, defendant was advised of these rights. He was asked if he understood them and he replied, "Yes." When asked if he wished to talk with the officers at that time defendant responded with a shrug of his shoulders. The defendant then engaged in conversation with the officers and answered questions of the officers.

Defendant argues that a shrug of the shoulders is not sufficient to constitute a waiver.

"* * * There was evidence that the warning was given in simple terms and that defendant, a person of apparently normal intelligence, stated that he understood the warning and thereafter made the statements without any prolonged period of questioning or coercive atmosphere. It is not always necessary to articulate a waiver. It may be shown by the manner in which the questions are asked, the responses that are made, the age, experience and intelligence of the person being questioned as well as all the other surrounding circumstances. Any clear and unambiguous conduct by a person who has been advised of his

rights which indicates his willingness to answer questions without a lawyer is sufficient. State v. Matt, 251 Or 134, 444 P2d 914 (1968); State v. Wright, 251 Or 121, 444 P2d 912 (1968) * * *." *State v. Davidson,* 88 Adv Sh 81, 83, 252 Or 617, 451 P2d 481 (1969).

In *State v. Williams,* 1 Or App 30, 458 P2d 699 (1969), while being warned of his rights for the second time, the defendant "waved his hand, interrupted the warning, and said that it wasn't necessary to warn him at this time." After the warning was complete the defendant in that case was very cooperative and told the police the details of his involvement in the crime. We held that this was sufficient to support the trial court's finding of a waiver.

"It might be argued that a juvenile does not have sufficient understanding to judge whether the situation was adversarial or to intelligently and knowingly waive his right against self-incrimination and his right to be represented by counsel. *McWilliams v. Gladden,* 242 Or 333, 407 P2d 833 (1965). However, the evidence indicates that defendant understood all that was said to him and that he knowingly and freely waived his rights. He was 17 years of age and a high school student apparently possessing average intelligence. Furthermore, defendant did not dispute the police officer's testimony. He did not testify that he was misled or that he did not understand the consequences that could result from the admissions and confessions made by him or that oppressive tactics were used. The admissions and the confession of defendant were admissible. It can not be said that a juvenile can not waive constitutional rights as a matter of law. It may be more difficult to prove because of his age, but it is a factual matter to be decided by the trial judge in each case." *State v. Gullings,* 244 Or 173, 182, 416 P2d 311 (1966).

There was ample evidence to sustain the trial court's findings of waiver. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

Affirmed.