Argued February 17, affirmed March 25, petition for rehearing
denied April 27, petition for review denied June 9, 1971

# STATE OF OREGON, *Respondent, v.*
# PAUL ALAN SKINNER, *Appellant.*

### 483 P2d 87

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendant was convicted by a jury of being an accessory to an unarmed robbery. ORS 161.230 to 161.240. He appeals contending that the court erred (1) in denying his motion to suppress evidence; (2) in

allowing a witness to repeat inadmissible hearsay testimony; (3) in admitting statements made by the defendant to the police when the defendant had not affirmatively waived his *Miranda*[1] rights; and (4) in accepting less than a unanimous jury verdict.

About 3:20 a.m., September 14, 1969, Deputy Sheriff Wilson, on motor patrol in the Burns area, noticed an automobile with three occupants in the front seat pass through Burns and proceed toward Hines. The deputy was searching for Onan Beasley, whom he believed to be a companion of the defendant. He checked the license number of the vehicle and found that it belonged to the defendant.

Less than 10 minutes later the crime involved here was committed when Harold Cunnagin, a station attendant at Pat's service station in Hines, was robbed by a man armed with a pistol.

The following evening, Deputy Wilson arrested Beasley in Burns on another charge while he was riding in the defendant's automobile. The next morning, under police questioning, Beasley related that he and the defendant, and a man named Ken or Den, had been riding in the defendant's automobile in the early morning hours of September 14, 1969; that they drove to the rear of Pat's service station and parked; that the man named Ken or Den got out, robbed the service station, returned, and shared the stolen money with Beasley and the defendant. Deputy Wilson thereupon obtained a warrant for the defendant's arrest, and the following day arrested him. The next morning, September 16, Deputy Wilson arrested Dennis King, the third member of the trio, as he was walking along the highway outside of Burns. At the time of their arrests

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

both the defendant and King had currency in their possession in an amount consistent with the amount taken from the station. After questioning, King admitted that he committed the robbery. He stated that he threw the gun away alongside the road between Burns and Crane. Deputy Wilson then obtained a warrant to search the defendant's mobile home and automobile. The search of the home revealed the gun used by King in the robbery, which was then seized.

(1) Defendant argues that the affidavit for issuance of the warrant to search defendant's mobile home and automobile did not establish probable cause.

■ Deputy Wilson's affidavit recited: That the station attendant told Wilson he had been robbed by a man armed with a .22 caliber pistol which he carried in a brown paper sack; that the man ran toward the rear of the station; that Corporal John Duman of the Oregon State Police had informed Wilson that he found footprints leading to the rear of the station to a point where it appeared a car had been parked; that Corporal Duman found a brown paper sack near where the car had been parked; that Wilson had observed the defendant's car with three persons in it heading toward Hines; that Beasley told Wilson he was in the defendant's car with the defendant and a man named Ken or Den at the time Wilson observed the car and that the three drove to the rear of a service station and that the man named Ken or Den left the car with a pistol in a brown paper sack and robbed the station; that Dennis King who fit the description given Wilson by both Beasley and Cunnagin and was subsequently identified by Cunnagin as the robber had been arrested by Wilson and confessed to committing the robbery; that King admitted being with Beasley and defendant in Burns; and that defendant was arrested

by Wilson, and defendant and King had an amount of money consistent with the amount taken from the service station. The fact that information was received by the affiant from the victim or a fellow police is sufficient to establish the reliability of the informant. *State v. Miller,* 2 Or App 87, 465 P2d 894, Sup Ct *review denied* (1970). As to other informants, the reliability of their information can be shown by the fact that the information has been corroborated by other sources. *People v. Akers,* 9 Cal App3d 96, 87 Cal Rptr 903 (1970). The information of Cunnagin, Officer Duman and the personal observations of Deputy Wilson corroborated the information given by Beasley and King.

Probable cause is a " 'reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief.' " *State v. Keith,* 2 Or App 133, 142, 465 P2d 724, Sup Ct *review denied* (1970).

■ Because King told Deputy Wilson that he threw the pistol away, defendant argues that the police did not have probable cause to search the defendant's home and car for the gun. We cannot accept this argument. The requirement of probable cause does not mean that in investigating a criminal violation, a police officer in his search for evidence is limited to the place where some informant has told him the item was concealed or disposed of. Inasmuch as the gun was not found on the person of the defendant, Beasley or King, it would be reasonable to infer that it might be in the defendant's car, which was used in the commission of the robbery, or in his home. See *State v. Miller,* supra.

In *Porter v. United States,* 335 F2d 602 (9th Cir 1964), *cert denied* 379 US 983, 85 S Ct 695, 13 L Ed

2d 574 (1965), the defendant, who was suspected of robbing a bank, was arrested on another charge. When arrested, he was not wearing the clothing nor carrying the gun used in the robbery. The officers then obtained a warrant to search defendant's car. The court ruled that the affidavit, which stated that (a) a gun, a cap and a jacket were used by the bank robber, (b) the bank teller had identified the defendant as the robber, (c) the stolen items were not on the defendant when he was arrested and (d) the car that was to be searched belonged to the defendant, was sufficient to establish probable cause. The court said that under the facts the defendant's automobile became the "most promising place to look for these objects," which could be used to establish the robber's identity.

Similarly, in *United States ex rel Stoner v. Myers*, 329 F2d 280, 281 (3d Cir 1964), a search warrant for the defendant's house was upheld upon an affidavit which recited probable cause to believe that the petitioner had committed a burglary of cigarettes, currency, a safe and some liquor, and that the safe had been found in a lake.

█ The affidavit in this case was sufficient to establish probable cause.

(2) During oral argument before this court counsel for defendant abandoned this ground (admission of alleged hearsay evidence) as being without merit.

█ █ Defendant contends that the court erred in admitting statements made by him to Officer Duman because he did not affirmatively waive his *Miranda* rights. Following his arrest and while being taken to the county jail, the defendant was advised of his rights. After being asked if he understood his rights, the defendant replied that he had heard them before.

At the county jail, the defendant was again apprised of his rights. On this occasion he replied affirmatively upon being asked if he understood his rights. The defendant then talked with the police. He now contends that statements made by him to the police could not be used against him because he did not affirmatively waive his rights. Where, as here, the record shows that the defendant was fully advised of his constitutional rights and that thereafter by clear and unambiguous conduct he indicates his willingness to answer questions without a lawyer, no affirmative waiver need be shown. *State v. Capitan,* 2 Or App 338, 341-42, 468 P2d 533 (1970), and cases cited therein.

■ The last assignment of error challenges receipt of less than a unanimous verdict. Here 11 jurors agreed on the guilty verdict. A unanimous verdict is not required. *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

Affirmed.