Argued October 25, resubmitted on records and briefs
December 13, 1972, reversed and remanded
February 2, 1973

## STATE OF OREGON, *Respondent, v.* RANDALL MARK GRAVEN (No. 1010), *Appellant.*

505 P2d 933

*Irvin D. Smith,* Burns, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY, FORT and THORNTON, Judges.

FOLEY, J.

Defendant was found guilty after trial to the court of the crime of criminal activity in drugs, namely possession of amphetamine pills. ORS 167.207. The court suspended the imposition of defendant's sentence and placed him on probation for three years. Defendant's appeal is based on the trial court's denial of his motion to suppress the evidence introduced at trial.[1]

The facts are quite simple: Officer Wilson was in the office of the District Attorney of Harney County, located in the county courthouse, in mid-afternoon on April 3, 1972. While standing by the window and looking out, he observed two automobiles pull up on the street outside, one operated by defendant, and the other by one Steve McManus. Officer Wilson in his affidavit swore that he saw McManus pass to defendant what appeared to be a baggie of marihuana in return for which defendant gave to McManus paper money.

---

[1] Defendant's "assignment of error" is not in the form specified by the rule of this court (see Rule 2.35). However, since the asserted error, viz., the trial judge's denial of defendant's motion to suppress the evidence seized, was properly raised below, we will review.

Based on this observation, Officer Wilson executed the following affidavit in support of his request for a warrant to search defendant's person, automobile and residence.

"I, Lucien B. Wilson, being first duly sworn, depose as follows:

"I am an Oregon State Police Officer who has made at least 40 arrests for narcotic violations; that Steve McManus is known to me to be a trafficker in narcotics and dangerous drugs; that on this date I observed McManus pass to Randall Mark Graven what appeared to be a baggie of marijuana in return for which Graven gave to McManus paper money; that at the said time Graven was operating a white 1962 Chevrolet 2 door bearing Oregon license 3R-1737; that I have reasonable grounds to believe that narcotics and dangerous drugs are located in the said vehicle and on the person of the said Randall Mark Graven and also at his residence located at 955 N. Egan St. Burns, Oregon."

The search warrant based upon that affidavit authorized the officers to search defendant's person, automobile and residence for narcotics and dangerous drugs.[2] Armed with that warrant one Officer Novotney proceeded to defendant's residence, knocked on the door, and informed defendant that he had a search warrant for the house and the car to look for the "baggie." Defendant said the "baggie" was gone. When Officer Novotney expressed his disbelief defendant told him that he had "diet pills." Officer Novotney asked to see the pills and defendant produced 15 pills which were identified at the trial as methamphetamine. De-

---

[2] The warrant in this case authorized the officers to search for both narcotics and dangerous drugs, despite the fact that there was nothing in the affidavit from which the magistrate could possibly conclude that defendant probably had dangerous drugs in his possession.

fendant admitted to Officer Novotney that he had purchased these pills from McManus for 15 cents each. No actual search of defendant's premises took place. Defendant's automobile was searched but nothing was found.

Defendant's motion to quash and to suppress the evidence seized was consolidated with the trial. The trial judge denied defendant's motion and, after trial to the court, found defendant guilty as charged.

Defendant's sole assignment of error is that the affidavit set out above did not set forth facts sufficient to justify the issuance of the search warrant to search defendant's person, automobile and residence. We are concerned only with the issue of whether the facts in the affidavit justified an authorization to search defendant's residence. If they did not, the authority which Novotney represented to defendant that he had to search the residence was nonexistent and defendant's production of the pills which was made in response to that representation was not required and that evidence could not be used against him.

This case arises out of the same transaction as did *State v. McManus*, 12 Or App 84, 504 P2d 1046 (1973). In *McManus*, we held that an affidavit containing an almost identical recitation of facts was sufficient to justify the issuance of a warrant to search McManus' automobile. On the basis of that holding, we must conclude that the search warrant in the instant case was supported insofar as it authorized the officers to search defendant's person and automobile for marihuana.

However, an entirely different situation is presented when we consider whether the facts contained

in the affidavit justified the magistrate in authorizing the officers to search defendant's residence. There is nothing in the affidavit which would create an inference that marihuana (or any other narcotic or dangerous drug) was in defendant's house. The only statement which implicates the premises is the conclusion of the affiant, and that is not sufficient. *State v. Ingram,* 251 Or 324, 445 P2d 503 (1968); *State v. Dunavant,* 250 Or 570, 444 P2d 1 (1968).

In *Nathanson v. United States,* 290 US 41, 47, 54 S Ct 11, 78 L Ed 159 (1933), the United States Supreme Court laid down the following rule:

"Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from facts or circumstances presented to him under oath or affirmation. Mere affirmance of belief or suspicion is not enough."

The affidavit in this case is fatally defective as to the search of defendant's house. Nowhere in the affidavit is there any statement that narcotic drugs were ever possessed in or about the dwelling to be searched. Nowhere in the affidavit are any underlying circumstances detailed from which the magistrate could reasonably conclude that the proposed search would reveal the presence of illegal drugs in the dwelling. The inference the state seeks to draw from the contents of this affidavit—that narcotic drugs are illegally possessed on the described premises —does not reasonably arise from the facts alleged. Therefore, nothing in the foregoing affidavit affords a reasonable basis upon which the issuing magistrate could conclude that any illegal possession of narcotic drugs had occurred, or was occurring, on the premises to be searched.

The state relies upon *State v. Skinner,* 5 Or App 259, 483 P2d 87, Sup Ct *review denied* (1971), *cert denied* 406 US 973 (1972), in its attempt to uphold the warrant in this case. However, *Skinner* is distinguishable from the case at bar in that (1) the existence of the gun being sought in *Skinner* was a virtual certainty and (2) the warrant to search defendant's car and mobile home was issued in *Skinner* only after the gun had been found not to be on defendant's person. A different situation would be presented in the instant case if, after searching defendant's person and car (as would have been proper pursuant to *McManus*) and finding nothing, the officers had applied to the magistrate for a warrant to search defendant's home.

We conclude that the trial court erred in denying defendant's motion to suppress. Reversed and remanded for a new trial.

SCHWAB, C. J., specially concurring.

I would not reach the issue which the majority finds determinative. Rather, I would reverse for the reasons stated in my dissent in *State v. McManus,* 12 Or App 84, 504 P2d 1046 (1973).

LANGTRY, J., joins in this specially concurring opinion.

THORNTON, J., dissenting.

I do not believe the trial judge erred in denying defendant's motion to suppress the drugs seized under the warrant. The challenged affidavit sets forth probable cause to authorize issuance of the warrant. *State v. McManus,* 12 Or App 84, 504 P2d 1046 (1973). The affidavit, in addition to detailing the "baggie" transaction, recited the following significant

additional facts: (1) That the affiant had extensive prior experience in dealing with narcotics and dangerous drug violations; and (2) that affiant knew that McManus was "a trafficker in narcotics and dangerous drugs." This was reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a drug offense had been committed and that defendant was now in possession of the contraband. *State v. Keith,* 2 Or App 133, 142, 465 P2d 724, Sup Ct *review denied* (1970).

It was a reasonable inference from the facts stated in the affidavit that the "baggie" (or its contents) which the officer saw being passed in exchange for what appeared to be currency might be found either on defendant's person, in his automobile or in his dwelling. *State v. Skinner,* 5 Or App 259, 483 P2d 87, Sup Ct *review denied* (1971), *cert denied* 406 US 973 (1972).

I recognize that there are some factual distinctions between the case at bar and *State v. Skinner,* supra, but I believe the rule in *Skinner* is nevertheless applicable here. For example, see *Stoner v. Myers,* 329 F2d 280, 281 (3d Cir 1964), where the court upheld a search warrant to search defendant's dwelling for property taken in a burglary which defendant was reasonably believed to have committed.