Argued February 22, reversed and remanded April 1, petition for
reconsideration denied May 1, petition for review
denied May 21, 1974

## STATE OF OREGON, *Appellant, v.* ROYD FELIX KLOUCEK (No. 27834), *Respondent.*
### 520 P2d 458

*W. Michael Gillette,* Solicitor General, Salem,

argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Michael F. McClain,* Corvallis, argued the cause for respondent. On the brief were Ringo, Walton, McClain & Eves, Corvallis.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

SCHWAB, C. J.

Defendant has been indicted for manslaughter, ORS 163.125, the indictment alleging, among other things, that he "was [driving] under the influence of intoxicating liquor" at the time of an automobile accident that caused the death of the victim. Defendant made a pretrial motion to suppress evidence of the results of tests of blood samples taken from him pursuant to a search warrant. The motion was granted. The state appeals.

The questions presented are: (1) whether the search warrant was invalid; (2) if so, whether it was nevertheless constitutionally permissible for the police to seize the blood samples; and (3) whether the seizure was invalid under the terms of the Implied Consent Law, ORS 483.634, et seq.

About 1 a.m. on March 23, 1973, the police were called to the scene of a single-car automobile accident. They discovered that a sports car driven by defendant had failed to negotiate a curve and had run off the road. An officer noticed a moderate-to-strong smell of alcohol on defendant's breath. The officer also noticed that defendant's eyes were extremely red and bloodshot, and showed a poor reaction to light. A

witness told the officers that defendant's car had been traveling at an excessive rate of speed before going out of control.

Defendant and his severely injured passenger were taken to the hospital. About 2 a.m. defendant's passenger died. The police then obtained a search warrant that authorized withdrawal by accepted medical procedures of samples of defendant's blood for purposes of a blood alcohol test. One sample was withdrawn about 4 a.m., and another about 5 a.m.

It is not necessary to resolve any of defendant's attacks on the search warrant. Even proceeding on the assumption that the warrant was defective, the seizure of defendant's blood was nevertheless constitutionally permissible. In *Coolidge v. New Hampshire,* 403 US 443, 91 S Ct 2022, 29 L Ed 2d 564 (1971), the Supreme Court held a search warrant to be invalid. The court then considered whether the search in question would have been permissible under the recognized exceptions to the warrant requirement. Adopting the same methodology, we conclude that regardless of whether the warrant was invalid, this is a case where no warrant was needed.

■■ No search warrant is required when the police have probable cause to search, and exigent circumstances exist that indicate the necessity of an immediate search to avoid the loss of evidence. *State v. Murphy,* 2 Or App 251, 465 P2d 900, *cert denied* 400 US 944, 91 S Ct 246, 27 L Ed 2d 248 (1970); *Cupp v. Murphy,* 412 US 291, 93 S Ct 2000, 36 L Ed 2d 900 (1973). The facts stated above, i.e., the nature of the accident, the smell of alcohol on defendant's breath,

the appearance of defendant's eyes, etc., established probable cause to believe that defendant had been driving under the influence. "\* \* \* Once probable cause is established, exigent circumstances justifying a warrantless search are present as a matter of law because of the medical fact that alcohol in the blood dissipates with the passage of time \* \* \*." *State v. Osburn,* 13 Or App 92, 95, 508 P2d 837 (1973). The present search was constitutionally permissible.

■ Turning to the statutory question that arises under the Implied Consent Law, defendant correctly points out that in *State v. Annen,* 12 Or App 203, 504 P2d 1400, Sup Ct *review denied* (1973), we held, following *State v. Fogle,* 254 Or 268, 459 P2d 873 (1969), that evidence obtained in a manner that did not comply with the Implied Consent Law was inadmissible.[1] *See also, State v. Greenough,* 7 Or App 520, 491 P2d 630 (1971), Sup Ct *review denied* (1972). Defendant contends that the statute was violated in this case because he did not expressly consent to the taking of the blood samples. The claim that absence of express consent establishes violation of the statute was considered and rejected in *State v. Stover,* 14 Or App

[1] Apparently in 1973 the legislative assembly enacted a statute that annuls the Supreme Court's decision in State v. Fogle, 254 Or 268, 459 P2d 873 (1969), and our decision in State v. Annen, 12 Or App 203, 504 P2d 1400, Sup Ct *review denied* (1973). Oregon Laws 1973, ch 465, p 990, provides:

"The provisions of the implied consent law, ORS 483.634 to 483.646, except subsection (3) of ORS 483.634 and ORS 483.642, shall not be construed by any court to limit the introduction of otherwise competent, relevant evidence in any civil action, suit or proceedings or to any criminal action other than a violation of subsection (2) of ORS 483.992 or a similar municipal ordinance in proceeding under ORS 482.540 to 482.560."

559, 513 P2d 537 (1973).[2]  The present search was statutorily permissible.

Reversed and remanded.

---

[2] Moreover, as we noted in *Annen,* under the statutes then in effect:

> "The Implied Consent Law permits an *arrested* driver to refuse to submit to chemical sobriety tests * * *." (Emphasis supplied.) 12 Or App at 209.

In the case at bar defendant was not under arrest when the blood samples were withdrawn.