Argued March 18, affirmed April 14, 1975

STATE OF OREGON, *Respondent, v.* STEPHEN
THOMAS EISMANN (No. C 74-03-0670 Cr),
*Appellant.*

533 P2d 1379

*Tony Pizzuti,* Portland, argued the cause and filed the brief for appellant.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and LEE, Judges.

LEE, J.

Defendant appeals from conviction for criminal activity in drugs contending that the denial of his motion to suppress evidence seized from his person during police "pat down" was error. We affirm.

On February 11, 1974, a Portland police officer (Scarino) signed an affidavit in support of a warrant to search an envelope addressed to the defendant. The affidavit asserted that the affiant had been contacted by a postal inspector (Taylor) who told the affiant that a customs official at the Customs Airmail Facility at the Port of Los Angeles (Castro) had examined the contents of the envelope in question and found that it contained cocaine. The affiant further stated that postal inspector Taylor told him that customs official Castro gave the envelope to Taylor and that the envelope would be delivered to the defendant the next day during the regular mail delivery. The warrant was granted the same day and pursuant thereto the contents of the envelope were examined in a laboratory prior to delivery and found to contain cocaine.

The next day, police officer Scarino signed a second affidavit requesting a warrant to search the premises at "1328 SE Ivon" and "Mr. S. T. EISMANN c/o Eric SIMMS" for "Cocaine, and Narcotics and Narcotics Paraphernalia" and a "letter addressed to Mr. S. T. EISMANN c/o Eric SIMMS 1328 SE Ixon [sic] Portland, Oregon, envelope 4″ x 9½″ and has no return address."

The following day (February 13) Portland police officers Johnson and Bisenius and postal inspector Bogue went to the address involved and Bogue put the letter in the mailbox. The three men kept the premises under surveillance for two hours until a car with two people visible in it approached the premises and the passenger (the defendant) got out of the car and went to the mailbox and took out two or three letters from the mailbox and looked at them. The officers and postal inspector were of the belief that the person (whom they did not then know was the defendant) took one of the envelopes with him. As the car started to pull away, the officers (along with the

postal inspector) pulled up in front of the car and officer Johnson identified himself to the defendant, opened the car door, and, in the course of patting down the defendant for weapons, felt a hard object. After being pushed away from the area of the hard object by the defendant, Johnson retrieved a pouch, open at the top. Inside the pouch was a small amber vial with white powder, a small straw, a matchbox and some brown substance wrapped inside a green plastic container. The white powder turned out to be cocaine and the brown substance, opium.

■■ Defendant claims that all of the evidence seized was the result of an illegal search and seizure. In developing this claim, the defendant makes several contentions, among them that the affidavit supporting the search warrant for the envelope did not state probable cause. In support of this, the defendant, while acknowledging that hearsay information may be used in an affidavit for a search warrant, claims that the affidavit in the instant case runs afoul of ORS 133.545(3) which states in part that

"* * * If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

The defendant contends "* * * the reliability of the individual from whom the affiant receives his information shall be established in the affidavit." We have held before that the reliability of a hearsay informant is sufficiently established where the informant is a named police officer. *State v. Skinner,* 5 Or App 259, 263, 483 P2d 87, Sup Ct *review denied* (1971), *cert denied* 406 US 973, 92 S Ct 2419, 32 L Ed 2d 673 (1972); *State v. Miller,* 2 Or App 87, 95, 465 P2d 894, Sup Ct *review denied* (1970), *cert denied* 406 US 974, 92 S Ct 2418, 32 L Ed 2d 674 (1972).

■ In addition, the defendant notes certain discrepancies between the letter described in the affidavit and the letter seized. The affidavit mistakenly describes the letter at two points as a "newspaper" and describes the letter as having no return address (the letter had the preprinted name and address of a motel and appears to be a part of the stationery of the motel). The minor discrepancies emphasized by the defendant are not fatal to the affidavit.

■■ Defendant's second contention is that the police did not have grounds to frisk him. We find that the search of the defendant was justified for either of two reasons. *First,* the search was made pursuant to a valid warrant to search the defendant. While the police did not know at the time of the search that the person they were searching was the defendant, they were in fact searching the defendant. Defendant has not cited any authority for requiring that in a situation of this type the searching officers must first know that the person they are searching is in fact the person they hold a warrant to search. *Second,* the officers had probable cause to make the search without a warrant. The officers testified that it appeared to them that the letter in question was taken from the mailbox by the defendant. In fact, it was not, but they thought so at the time they searched the defendant. Since they knew the envelope contained cocaine, probable cause was present. The potential for loss of evidence was obvious where the car defendant was riding in was in the process of pulling away. In such circumstances, a warrantless search is permissible. *State v. Kloucek,* 17 Or App 74, 520 P2d 458, Sup Ct *review denied* (1974); *State v. Krohn,* 15 Or App 63, 65 and 66, 514 P2d 1359 (1973), Sup Ct *review denied* (1974); *State v. Murphy,* 3 Or App 82, 84, 471 P2d 863 (1970).

■ Defendant's third contention is that even if

officer Johnson had the right to take possession of the pouch, the search of the contents was unlawful in its detail and intensity. Officer Johnson's examination of the pouch was justifiable as a search for the envelope (it was after officer Johnson discovered the contraband in the pouch that he learned, from Inspector Bogue, that the envelope in question was still in the mailbox) or as an examination for a weapon pursuant to ORS 131.625(2).[1] It was during the course of this examination that the officer discovered the containers of powder and the small straw which, coupled with his experience as a narcotics officer that such a straw is often used to sniff cocaine, supplied the probable cause requisite to seizure. An analogous case is *State v. Williams,* 17 Or App 513, 522 P2d 1213 (1974), wherein the defendant was arrested on a prostitution charge. In searching the defendant's purse for weapons, the officer who said it was common in his experience for prostitutes to carry razor blades found heroin inside a folded dollar bill which was inside a zippered compartment of the purse. The officer said he also knew from experience that it was common for prostitutes to carry illegal drugs and that he had seen illegal drugs in powder form carried in folded paper money. The officer squeezed the dollar bill and sensed that it contained powder. We held that he had probable cause to believe the dollar bill contained an illegal drug.

In both *Williams* and the case at bar, the officers were making a legitimate search in the course of which they observed items which justified further, or more detailed, search.

Affirmed.

---

[1] "If, in the course of the frisk, the peace officer feels an object which he reasonably suspects is a dangerous or deadly weapon, he may take such action as is reasonably necessary to take possession of the weapon." ORS 131.625(2).