Argued March 27, affirmed May 8, reconsideration allowed June 28,
petition for review denied September 8, 1978

## STATE OF OREGON, *Respondent,*
### *v.*
## JOHN A. JOHNSON, *Appellant.*
### (No. 33517, CA 9550)
578 P2d 413

Stan Bunn, Newberg, argued the cause for appellant. With him on the brief was Michael Boardman, Newberg.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant appeals from his conviction of first degree sexual abuse, ORS 163.425, and contends on appeal that the trial court improperly denied his motion to suppress certain evidence seized from two motor vehicles.

On the evening of January 5, 1977, the police received information that defendant had sexually assaulted a 15-year-old girl. The victim told the police that at about 6:30 that evening, defendant took her in his automobile to a store to pick up beer for him and two bottles of orange juice for her. Upon returning to defendant's house, where the victim was told she would be babysitting, defendant gave the victim some orange juice to which he added a white substance. The victim told the police that defendant gave her three envelopes addressed to her which contained handwritten letters asking the victim personal questions which defendant told her were in connection with a possible modeling job. The victim burned one of the letters in a fireplace at defendant's house. The victim also told the police that at defendant's request, she donned a swimsuit and, after defendant had taken a number of pictures with a Polaroid camera and flash, he initiated a sexual assault. The victim gave the police a description of defendant's vehicle.

At 4 a.m. on January 16, the police obtained a search warrant for defendant's house which authorized them to search for the three envelopes, the three letters, a magazine and the swimsuit or any portion of those items. At about 4:45 a.m. they went to the house, found it unoccupied, entered and searched. The police found and seized some ashes which they believed could be burned portions of the letter.[1]

---

[1] In his opening statement at the hearing on the motion to suppress, the prosecutor stated that a beer bottle container, a broken beer bottle and an empty orange juice bottle were found at defendant's house; however, no evidence to this effect was introduced at the hearing.

The police learned that defendant worked for a trucking company as a truck driver and that he had departed in a company truck, with a co-driver, early on the morning of January 16 on a trip through Utah and California.

The police, at a time when they were not yet certain as to defendant's whereabouts, found defendant's automobile in the trucking company parking lot, conducted a warrantless search of it and found two envelopes addressed to the victim, three empty beer bottles, two orange juice bottles, two empty Polaroid film packs, a used camera flash attachment and an empty pack of "sexual stimulants."

After searching the defendant's automobile, the police learned from defendant's employer that defendant and his co-driver would be returning from California on January 18. When the truck, driven by defendant's co-driver, arrived, defendant's co-driver told the police that defendant had been met by his wife in another city. With the consent of the company's operations manager and the co-driver, the police searched the truck and found a tablet of notebook paper which they seized because of impressions of handwriting which indicated that the notebook might have been used to write the three letters to the victim.

Prior to trial, defendant moved to suppress, *inter alia,* all evidence seized from his car as well as all items seized from the truck which he had driven. The trial court ruled that the police had probable cause to search defendant's automobile and that exigent circumstances existed which justified a warrantless search. The trial court also ruled that defendant had no standing to object to the search o ' the truck he had driven.

■ Defendant contends first that there was no probable cause to search his automobile. In *State v. Skinner,* 5 Or App 259, 483 P2d 87, *rev den* (1971), the defendant, convicted of robbery, appealed from the

denial of his motion to suppress evidence seized during a search of his home and automobile. The defendant argued that because one of the men involved in the crime told the police that he threw away a firearm used in the robbery, there was no probable cause to search the house and car for the firearm. In rejecting defendant's argument, we held:

"* * * The requirement of probable cause does not mean that in investigating a criminal violation, a police officer in his search for evidence is limited to the place where some informant has told him the item was concealed or disposed of. Inasmuch as the gun was not found on the person of the defendant * * * it would be reasonable to infer that it might be in the defendant's car, which was used in the commission of the robbery, or in his home. * * *" 5 Or App at 263.

The same rationale applies to this case. The police conducted a thorough search of defendant's home just after the commission of the crime but were unable to find most of the items listed in the warrant. They had information from the victim that defendant had driven with her in his automobile and that he had used it later on the same evening to drive to work. Under those circumstances "it would be reasonable to infer that [the items] might be in the defendant's car." *State v. Skinner, supra.* 5 Or App at 263. *See also State v. Harris,* 25 Or App 71, 78, 547 P2d 1394 (1976).

■ Defendant next contends that the trial court erred in ruling that the state made a sufficient showing of exigent circumstances to justify the search of the car. The trial court's ruling was correct. *State v. Greene,* 30 Or App 1019, 568 P2d 716 (1977), *rev allowed* 281 Or 99 (1978).

■ Defendant next contends that the trial court incorrectly ruled that he had no standing to object to the search of the truck. Even assuming defendant has such standing, the operations manager of the company which owned the truck, as well as defendant's co-driver, voluntarily gave the police express consent to search the truck. Consequently, there was a valid

third party consent to search the truck. *Frazier v. Cupp,* 394 US 731, 89 S Ct 1420, 22 L Ed 2d 684 (1969); *State v. Roy,* 28 Or App 861, 562 P2d 213 (1977).

Affirmed.