Argued and submitted September 22, reversed and
remanded for new trial November 24, 1980

## STATE OF OREGON,
*Respondent,*
*v.*
## MICHAEL DENNIS MELENDY,
*Appellant.*

(No. 26604, CA 17503)

619 P2d 952

Mary Linda Pearson, Monmouth, argued the cause and
filed the brief for appellant.

John Snyder, Polk County District Attorney, argued the
cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Defendant appeals from his conviction of the crime of possession of a controlled substance, ORS 475.992. He assigns as error the trial court's denial of his motion to suppress evidence gathered during a search of his residence. We reverse.

A search warrant was issued based on the following affidavit:

"I, JACK MINYARD, being first duly sworn on oath depose and say:

"That I am a deputy sheriff for Polk County, Oregon.

"That on the 4th day of October, 1979, I received a report of a burglary at the residence of Mike D. Melendy situated at 12065 Helmick Road, Suver, Polk County, Oregon wherein several items of personal property were allegedly taken from buildings situated on the aforesaid property.

"That at 10:40 a.m. on the 5th day of October, 1979, I went to the aforesaid residence of Mike D. Melendy to investigate the reported burglary. While there I received from Mike D. Melendy a bureau of labor work permit in the name of Derek Scott that I was informed had been found on the premises by his son Jim Melendy on October 3, 1979. That while on the premises Mike D. Melendy indicated to me that he desired to show me another area of his property where he believed the persons responsible for the burglary had entered his property and took me on a route around a large orchard that lies to the North of his dwelling house rather than through the orchard which would have been the easiest and most direct route to our destination and back to the house. When I asked why we did not just go through the orchard Mr. Melendy informed me that there was nothing in that area since he had already searched it. That it appeared that Mike D. Melendy was trying to avoid having me walk through the aforesaid orchard.

"That I have been informed by Deputy Sheriff Twedt of the Benton County Sheriff's Office that on the 5th day of October, 1979, he interviewed Derek Scott in Benton County where Derek Scott resides and that Derek Scott admitted to Deputy Twedt that he had been on the Melendy property on October 2, 1979, and had observed a large quantity of marijuana plants growing in the orchard northwest of the Melendy residence and had taken two

plants from the patch. That Deputy Twedt further informed me that Derek Scott is familiar with marijuana and that he issued him a citation this morning for possession of less than one ounce of marijuana that he had in his possession.

"That I make this affidavit for the purpose of securing a Search Warrant for the premises of Mike D. Melendy situated at 12065 Helmick Road, Suver, Polk County, Oregon together with the dwelling house, all outbuildings and shelters, automobiles and persons found thereon for a quantity of marijuana and implements of cultivation."

The warrant was issued as requested. Marijuana was found only in defendant's house.

The only issue which we must decide is whether there was probable cause justifying the search of defendant's residence. We hold there was not.

■■ Probable cause must be determinable from the facts recited in the "four corners" of the affidavit. *State v. Metler,* 6 Or App 356, 487 P2d 1377 (1971). The affidavit must set forth facts and circumstances tending to show that the things constituting the object of the search are in the places to be searched. *State v. Graven,* 12 Or App 126, 505 P2d 933 (1973); ORS 133.545(3). *See also* 1 LaFave, Search and Seizure, § 3.7(d), at 709-11 (1978). In *State v. Graven, supra,* a police officer, while at the county courthouse, observed two cars pull up on the street outside and saw what appeared to be a drug transaction take place. The officer recognized defendant and obtained a warrant to search his person, automobile and residence. Another officer executed the warrant and informed the defendant that he had authorization to search the house. The defendant voluntarily produced illegal drugs. We held that the evidence should have been suppressed because the affidavit upon which the search warrant was issued did not justify an authorization to search defendant's house. We said:

"The affidavit in this case is fatally defective as to the search of defendant's house. Nowhere in the affidavit is there any statement that narcotic drugs were ever possessed in or about the dwelling to be searched. Nowhere in the affidavit are any underlying circumstances detailed from which the magistrate could reasonably conclude that the proposed search would reveal the presence of illegal

drugs in the dwelling. The inference the state seeks to draw from the contents of this affidavit — that narcotic drugs are illegally possessed on the described premises — does not reasonably arise from the facts alleged. Therefore, nothing in the foregoing affidavit affords a reasonable basis upon which the issuing magistrate could conclude that any illegal possession of narcotic drugs had occurred, or was occurring, on the premises to be searched." 12 Or App at 130.

In the present case, there is nothing in the affidavit which would create an inference that marijuana was in defendant's house. A different situation, justifying a search of the buildings, would be presented if the affidavit indicated either that some marijuana appeared to have been harvested or that the marijuana which the informant observed was ready for harvest.

Reversed and remanded for new trial.