Argued and submitted November 30, 1984, affirmed in part, reversed in part and remanded for trial July 3, 1985

## STATE OF OREGON,
*Appellant,*

*v.*

## MAURICIO VENCES ARMENTA,
*Respondent.*

(145,500; CA A31395)

702 P2d 1113

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant is charged in the same indictment with driving under the influence of intoxicants and with assault II, both charges arising from an incident that resulted in the injury of another. The state appeals from a pretrial order suppressing evidence of the result of a blood alcohol test taken while defendant was in the hospital. We reverse in part.

Defendant was found in the driver's seat of a vehicle that had crossed the center line and collided head-on with another vehicle, injuring its driver. The investigating officer smelled alcohol on defendant's breath and observed that he walked unsteadily. At his own request, defendant was taken to a hospital by ambulance.

The officer cleared the accident scene and then proceeded to the hospital about 90 minutes after defendant was taken there. Although defendant had been found to be uninjured, he had not been released from the hospital by the time the officer arrived there. Defendant admitted to the officer that he had been drinking. The officer asked the emergency-room doctor if a blood alcohol test had been performed and, learning that it had, asked defendant to consent to release the results. The officer purportedly obtained defendant's oral consent, but the doctor said that he would need defendant's written consent before the hospital would release the results and had a member of the hospital staff obtain defendant's signature on a hospital consent form. The officer obtained the results and arrested defendant, charging him with DUII, ORS 487.540, and assault in the second degree. ORS 163.175.

Defendant moved to suppress all evidence of blood alcohol tests "performed unlawfully on defendant," relying solely on ORS 487.835, which permits a chemical test of blood only with the suspect's express consent. He contended that his consent was invalid, because he did not understand the English language well enough to give his consent. Accordingly, he argued, the test results were not only inadmissible on the DUII charge, but must also be excluded with respect to the assault charge, because: (1) similar evidence was held to have been erroneously admitted in a negligent homicide prosecution in *State v. Annen,* 12 Or App 203, 504 P2d 1400, *rev den* (1973), and (2) the assault charge was so intertwined with the

driving under the influence charge that the test results must also be suppressed for purposes of the assault charge. The trial court found that the consent was not valid and, as a result, that defendant's contentions were correct. It ordered suppression of the evidence in connection with both charges.

On appeal, the state assigns error to the suppression of the test results with respect to the assault charge,[1] contending, *inter alia,* that the Implied Consent Law does not govern the admissibility of "otherwise competent, relevant evidence" in prosecutions for offenses other than driving under the influence, ORS 487.820, that probable cause and exigent circumstances justified taking the blood sample without defendant's consent and that any problem which might arise from admissibility of the blood test results with respect to the assault charge and their exclusion in the DUII charge could be avoided by severance of the charges.

ORS 487.820 provides that the Implied Consent Law, including ORS 487.835 requiring consent for taking a blood sample,

> "* * * shall not be construed by any court to limit the introduction of otherwise competent, relevant evidence in any civil action, suit or proceedings or in any criminal action other than a violation of ORS 487.540 [the DUII statute] * * *."

That statute was enacted after *State v. Annen, supra,* and abrogated that decision. *See State v. Kloucek,* 17 Or App 74, 520 P2d 458, *rev den* (1974). Thus the blood test is admissible as to the assault charge unless the taking of the blood sample was an unconstitutional search and seizure. *State v. Stover,* 271 Or 132, 147 n 10, 531 P2d 258 (1975).

Defendant contends that the state has the burden of establishing the legality of warrantless searches and seizures, ORS 133.693, and that it has not sustained that burden. However, defendant did not raise a constitutional question in his motion or his supporting memorandum. The state, therefore, was not put on notice that defendant would rely on the constitutional infirmity of the officer's actions and was not required to make a record at the hearing relating to that non-issue. Although defendant, in oral argument on the motion,

---

[1] The state does not challenge the trial court finding that defendant did not properly understand or consent.

contended that the hospital acted as an agent of the police, the trial court made no finding on that proposition for the obvious reason that it was not necessary to decide the question raised by defendant's motion. Although we may affirm the trial court on grounds different from those on which it relied, we may not do so if neither the state nor the trial court was put on notice that a factual issue necessary to resolve that new ground was involved. Accordingly, we do not consider the constitutional argument.[2] We conclude that the blood alcohol test results are admissible in connection with the assault charge.

■ ■ We turn to the trial court's finding that the two charges were so intertwined that evidence inadmissible as to one must necessarily be excluded as to the other. In view of the clear legislative policy to allow introduction of such evidence in criminal actions other than those for driving under the influence, ORS 487.820, we believe that the trial court's decision to exclude potentially prejudicial evidence, OEC 403, was premature. The two charges were properly joined, ORS 131.515, to avoid a later claim by defendant of former jeopardy. *State v. Boyd,* 271 Or 558, 533 P2d 795 (1975). Defendant may avoid the danger of undue prejudice by moving for separate trials, which should "in the vast majority of cases" be granted, *State v. Boyd, supra,* 271 Or at 569, unless the two charges are so closely related that no relevant evidence would be admissible in a joint trial that would not be properly admitted in each of the separate trials. *State v. Elam,* 37 Or App 365, 371, 587 P2d 491 (1978).

The order excluding the blood alcohol test results as to the assault charge is reversed; in all other respects the order is affirmed, and the case is remanded for trial.

---

[2] The state contends that, even if the hospital acted as an agent of the police, the blood test would be admissible, because the officer had probable cause to believe that defendant had committed a crime, *State v. Calderon,* 67 Or App 169, 173, 678 P2d 1245, *rev den* 297 Or 272 (1984), and there were exigent circumstances justifying a blood test as a reasonable warrantless search and seizure when probable cause exists. *Schmerber v. California,* 384 US 757, 770-71, 86 S Ct 1826, 16 L Ed 2d 908 (1966); *State v. Newton, 291 Or 788, 636 P2d 393 (1981); State v. Heintz,* 286 Or 239, 248, 594 P2d 385 (1979); *State v. Kloucek, supra,* 17 Or App at 76-77.